**The STATE of Ohio, Appellee,**

**v.**

**BUMBALOUGH, Appellant.**

[Cite as *State v. Bumbalough* (1992), 81 Ohio App.3d 408.]

Court of Appeals of Ohio,
Summit County.

No. 15381.

Decided June 17, 1992.

*Thomas DiCaudo,* Assistant Prosecuting Attorney, for appellee.

*Mark Willis,* for appellant.

REECE, Judge.

On May 31, 1991, defendant-appellant, Freddie Bumbalough, was arrested and charged with operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), operating a motor vehicle with a prohibited breath alcohol concentration, R.C. 4511.19(A)(3), and driving left of center, R.C. 4511.29.

A bench trial was held on October 21, 1991. Bumbalough moved to dismiss the charges on the ground that he was not brought to trial within the time prescribed by R.C. 2945.71. After this motion was denied in open court, Bumbalough pleaded no contest to driving with a prohibited breath alcohol concentration. He was found guilty of this singular offense and the remaining charges were dismissed. Bumbalough appeals his conviction raising the following assignment of error.

"The trial court prejudiced the defendant-appellant by its failure to grant defendant's motion to dismiss based on the state's failure to supply a speedy trial."

Bumbalough having been charged with a first-degree misdemeanor, the state was required, in the absence of a waiver, to bring Bumbalough to trial within ninety days after his arrest. R.C. 2945.71(B)(2). Unless this time was extended pursuant to the provisions of R.C. 2945.72, the trial court was required to grant Bumbalough's motion to dismiss the charges. See R.C.

2945.73. Bumbalough's trial commenced one hundred forty-three days after his arrest. Therefore the only issue in this case is whether at least fifty-three of these days are excludable.

■ Under R.C. 2945.72(E), the time in which a defendant must be brought to trial is extended by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." This includes the time between a defendant's motion to suppress evidence and the hearing on the request. *State v. Tippens* (Jan. 2, 1992), Medina App. No. 2015, unreported, at 2, 1992 WL 2952; *State v. Walker* (1974), 42 Ohio App.2d 41, 43, 71 O.O.2d 238, 239, 327 N.E.2d 796, 797.

On July 1, 1991, Bumbalough moved to suppress the results of the breath-alcohol concentration ("BAC") test conducted at the time of his arrest. A hearing on this motion was originally set for July 22, 1991. On that date, the hearing was continued by the court until September 3, 1991.

There is no question that the twenty-one days between July 1, and July 22, are attributable to Bumbalough's motion and extended the time in which he had to be brought to trial. While conceding this, Bumbalough contends that the time between July 22 and September 3 is not excludable. He asserts that the court never journalized an entry giving its reason for the continuance. In support of his position, he cites numerous cases for the proposition that a court speaks only through its journal entries. See, *e.g., State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571; *State v. Siler* (1979), 57 Ohio St.2d 1, 11 O.O.3d 1, 384 N.E.2d 710. Therefore, because a trial court does not enjoy its normal presumption of legitimacy with regard to speedy trial issues, *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 2 O.O.3d 392, 392, 357 N.E.2d 1095, 1096, this continuance is not excludable in the absence of the court's journal entry.

■ We agree that ideally a court should journalize its rationale for a continuance. In the absence of such an entry the court runs the risk that a continuance, which would otherwise be attributed to the accused, will not be so construed on appeal. But this does not mean that an unjournalized continuance may never be charged to a defendant. When the record indicates that the continuance was attributable to the defendant, then such delay will be assessed to him even in the absence of a court's journal entry. See *State v. Benson* (1985), 29 Ohio App.3d 321, 324, 29 OBR 448, 451, 505 N.E.2d 987, 991 (Parrino, C.J., concurring in part and dissenting in part).

■ Under Crim.R. 47, a motion to the court must state with "particularity the grounds upon which it is made" and be supported by a "memorandum containing citations of authority." In his one page suppression motion Bum-

balough made a general accusation that the police had not complied with the administrative requirements in conducting his BAC test. Because his motion did not comply with Crim.R. 47, it was within the sound discretion of the court to continue the suppression hearing. See *State v. Landrum* (1990), 53 Ohio St.3d 107, 115, 559 N.E.2d 710, 720–721. Such a continuance, in furtherance of reaching the merits of Bumbalough's suppression motion, is chargeable to the defendant under R.C. 2945.72(E).

That the court continued the suppression hearing because of the generality of Bumbalough's original motion is evidenced by the court's requirement that he file a supplement to his motion. In the opening sentence of this supplement, filed on August 22, 1991, Bumbalough states:

"Pursuant to this Court's request, the Defendant herein files this Motion in Addendum to his original motion to suppress."

Only in this six page addendum does Bumbalough adequately address the merits of his motion.

In conclusion we find that the court's continuance of the suppression hearing from July 22, to September 3, is chargeable to the defendant. These forty-three days, plus the twenty-one days between the filing of the suppression motion and the first hearing, total sixty-four days which are due to Bumbalough's motion. In applying R.C. 2945.71, these sixty-four days are to be deducted from the one hundred forty-three days between his arrest and the commencement of his trial. Accordingly, Bumbalough was brought to trial within the statutory period.

Bumbalough's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.