OPINION
On December 30, 1997, defendant-appellant, Teresa Litteral, pled no contest to one count of trafficking in marijuana in violation of R.C. 2925.03, and one count of having a weapon while under disability in violation of R.C. 2923.13. The Fayette County Court of Common Pleas accepted her plea and found her guilty on both counts. We affirm.
In November of 1996, Officer Tom Queen of the Washington Court House Police Department began an investigation of possible criminal activity at appellant's 113 East Paint Street residence in Washington Court House, Ohio. Queen began the investigation based upon information he received from several confidential informants. Over the next several weeks, Queen conducted several "trash pulls" in which he retrieved trash bags from the street in front of appellant's residence. On each occasion, a field test conducted on the trash contents revealed evidence of drug use. Queen attached a property tag to each trash bag providing the date upon which each trash pull was conducted. The last trash pull also contained a name tag along with several pieces of mail addressed to the occupant of 113 East Paint Street.
On December 20, 1996, Queen presented the physical evidence obtained from the trash pulls along with his affidavit to a Fayette County judge who issued a search warrant for the residence at 113 East Paint Street. Upon execution of the warrant by Queen and three other officers, appellant was arrested for trafficking in marijuana and having a weapon while under disability. On December 30, 1997, she entered a no contest plea and was convicted on both counts. Appellant timely filed this appeal raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO SUSTAIN APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO SUSTAIN APPELLANT'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF SPEEDY TRIAL.
In her first assignment of error, appellant argues that Queen's affidavit was insufficient to establish probable cause for the search warrant and that the issuing judge improperly considered evidence not contained within the "four corners" of the affidavit. This assignment raises the same two issues discussed by the Ohio Supreme Court in State v. George (1989), 45 Ohio St.3d 325, namely,
 (1) does the affidavit submitted in support of the search warrant contain sufficient probable cause to support the decision of the magistrate to issue the warrant under the "totality-of-the-circumstances" test of Illinois v. Gates (1983), 462 U.S. 213, and (2) if not, should the evidence obtained by law enforcement officers as the result of the execution of this search warrant be admissible in the prosecution's case-in-chief in any event, under the "good faith exception" to the exclusionary rule set forth in United States v. Leon (1984), 468 U.S. 897?
George at 327.
The Ohio Supreme Court has clearly outlined the standard for issuing a search warrant as follows:
 the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
George at paragraph one of the syllabus, quoting Gates at 238.
We note that when reviewing a determination of probable cause, neither the trial court nor the appellate court
 should substitute its judgment for that of the magistrate * * *. Rather, the duty of the reviewing court is simply to ensure that the magistrate has a substantial basis for concluding that probable cause existed. * * * [A]ppellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.
George at paragraph two of the syllabus, citing Gates at 238-39.
Appellant argues that Queen's affidavit is insufficient because it does not contain any information regarding the informants' reliability, nor any details regarding the basis of the informants' knowledge, nor the specific dates upon which Queen spoke to the informants. By making these arguments, appellant is attempting to impose the requirements of the two-prong test established by Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, and Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584. Appellant correctly asserts that under this two-prong test an affiant is required to reveal his informant's "basis of knowledge" and provide sufficient facts to establish the "reliability" of the informant. George, 45 Ohio St.3d at 328, fn. 3, citing Gates at 227-29. However, the narrow two-prong test is no longer the standard used by either the United States Supreme Court or the Ohio Supreme Court. See Massachusetts v. Upton (1984), 466 U.S. 727, 732,104 S.Ct. 2085, 2087, and George at paragraph one of the syllabus. That test has since been replaced by a more flexible "totality-of-the-circumstances" test which may include consideration of the veracity and basis of knowledge of persons supplying hearsay information. Gates at 238.
Under the current test, the correct inquiry for the issuing judge is not whether the affidavit includes reference to the informant's basis of knowledge, veracity, or reliability. Rather, the judge must determine whether there exists a fair probability that contraband or evidence of a crime will be found in a particular place. George at 329. This determination is to be based upon a practical, common-sense evaluation of all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information. Id. To the extent that appellant's argument is based upon the incorrect legal standard, we find it to be without merit.
Appellant also argues that it was improper for the issuing judge to consider the evidence obtained from the trash pulls since some of these facts were not contained within the "four corners" of the affidavit. In support of this proposition, appellant relies on State v. Bean (1983), 13 Ohio App.3d 69, which states, "Facts not included in the affidavit may not be considered in determining whether it establishes probable cause to search." Bean at paragraph three of the syllabus.
Appellant's reliance on Bean is misplaced because appellant has failed to distinguish between cases involving facts supplied by confidential informants and cases involving facts supplied solely by the affiant-police officer. In the former situation, the supplemental information is generally the result of an outside police investigation conducted to corroborate the informant's tip. This bolsters the informant's credibility as a part of the totality of circumstances. See Gates, 462 U.S. 213. The latter situation, like that in Bean, involves no informant's tip and the supplemental information is not supplied to corroborate facts within the affidavit; it is supplied as a basis for establishing probable cause. See Bean, 13 Ohio App.3d 69.
In the first situation, it is appropriate for the issuing judge to consider the outside information because it merely corroborates facts already contained within the affidavit. However, in the second situation, it is inappropriate for the issuing judge to consider evidence outside the affidavit as a basis for finding probable cause. In the case at bar, the trash pulls provided supplemental information presented to the issuing judge to corroborate the tips received from the informants. Thus, it was permissible for the judge to consider the evidence from the trash pulls.
Although Queen's affidavit was not as complete as it might have been, we find, as did the court in Bean, that "the omission of the identity of the source was unintentional and not in bad faith. * * * The defect in the affidavit herein was essentially a technical error, an omission, inadvertently made by an officer making a good faith effort to comply with the law." Bean at 72. We further recognize that we are required to resolve any marginal case in favor of upholding the warrant. George, 45 Ohio St.3d at paragraph two of the syllabus.
Therefore, based upon the totality of the circumstances, including the tips from several informants and corroboration of the tips by Queen's independent investigation, the affidavit sufficiently supported the determination that there was a fair probability that evidence of criminal activity would be found at appellant's residence. Further, there was a substantial basis for the judge's determination that probable cause existed to issue the search warrant.
Even if the affidavit had been insufficient to support probable cause in this case, we find that the trial court did not err in holding that the evidence was admissible under the good faith exception set forth in United States v. Leon (1984), 468 U.S. 897,104 S.Ct. 3405. This court's decision in State v. Johnson (Jan. 30, 1989), Clinton App. No. CA88-02-002, unreported, resembles the case at bar in great detail. In Johnson, information was received from a confidential informant, the police officer confirmed the tip by evidence found in the trash outside defendant's apartment, and no record was made of the conversation between the issuing magistrate and the officer at the time the warrant was issued. In that case, we stated:
 It was objectively reasonable for [the police officer] to believe that [he] presented enough information for [the magistrate] to make a determination of probable cause. If an error was made, it was made by the issuing magistrate. "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates."
Johnson at 7-8, quoting Leon at 916.
In the case at bar, Queen conducted a thorough investigation to corroborate information he had received from several different confidential informants. Queen presented an affidavit, along with the corroborating evidence, to the judge who issued the search warrant. We find that it was objectively reasonable for Queen to believe that the affidavit, along with the corroborating evidence, was sufficient for the judge to make a determination of probable cause. Thus, we find that the trial court did not err in applying the good faith exception to the exclusionary rule in overruling appellant's motion to suppress. Appellant's first assignment of error is overruled.
Under her second assignment of error, appellant argues that the trial court erred in overruling her motion to dismiss because she was not brought to trial within the statutory time limit of R.C. 2945.71 which provides:
 (C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
The time requirements set forth in R.C. 2945.71 are subject to the extensions provided in R.C. 2945.72, which states:
The time within which an accused must be brought to trial, * * * may be extended only by the following:
 * * * (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * *.
When a defendant moves for discharge on the ground that the state has not provided him with a trial within the time limits of R.C. 2945.71, and he presents a prima facie case accordingly, the burden of production shifts to the state to prove that the time within which to bring the defendant to trial was extended under R.C. 2945.72. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31. If the state fails to establish that the speedy trial period was extended, the accused must be discharged. Id.
Three hundred seventy-five calendar days elapsed between appellant's arrest on December 20, 1996 and the date on which she entered her no contest plea, December 30, 1997. However, according to our determination, the speedy trial period was tolled on several occasions by appellant's own actions, see R.C. 2945.72(D) and (E), and the total days chargeable to the state are well within the two hundred seventy days allotted under R.C. 2945.71(C)(2).
After her arrest on December 20, 1996,[1] appellant was held in jail for four days until December 24, 1996. Pursuant to R.C. 2945.71(E), each day in jail counts as three days in appellant's favor. On April 4, 1997, appellant filed requests for discovery and a bill of particulars, both of which fall within the extension provided in R.C. 2945.72(E), and the speedy trial time was tolled until the state responded on May 9, 1997. See State v. Prather (July 10, 1995) Brown App. No. CA94-08-010, unreported, at 6. On May 13, 1997, appellant filed a motion to unseal the affidavit, warrant, and inventory. We find that this motion also falls under R.C. 2945.72(E), and the speedy trial time was tolled until the court ordered the documents unsealed on June 6, 1997.
On August 22, 1997, appellant filed a motion to suppress evidence. This motion also falls under R.C. 2945.72(E), and the speedy trial time was tolled until the court overruled appellant's motion on October 21, 1997. See State v. Bumbalough (1992),81 Ohio App.3d 408, 410. Finally, on December 17, 1997, appellant filed a motion to dismiss, which also tolled the speedy trial time under R.C. 2945.72(E) until the court overruled the motion on December 24, 1997. See State v. Wilson (1982), 7 Ohio App.3d 219,222.
According to our determination, one hundred twenty-seven days are chargeable against appellant due to her own actions under R.C.2945.72(E). Even considering that appellant spent four days in jail, only two hundred fifty-seven days are chargeable to the state, which is within the speedy trial limit provided in R.C.2945.71(C)(2).
In addition to the foregoing actions by appellant, we note that the state filed a request for discovery on May 9, 1997 to which there was no response by appellant. On June 16, 1997, the state filed a demand for discovery. Again, appellant failed to respond. On July 23, 1997, the state filed a motion to compel discovery. Finally, on August 22, 1997, appellant responded to the state's discovery request. We find that part of the delay in this case was due to appellant's failure to provide a timely answer to the state's lawful request for discovery. We have previously held that "a defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C. 2945.72(D)." State v. Stewart (Sept. 21, 1998) Warren App. No. CA98-03-021, unreported, at 4, citing State v. Larsen (Mar. 22, 1995), Medina App. No. 2363-M, unreported. Indeed, a party "can hardly ignore a lawful request for information, and then claim that she was not timely tried caused by her own motions and neglect." Chagrin Falls v. Vartola (Apr. 2, 1987), Cuyahoga App. Nos. 51571, 51572, unreported, at 4.
While it is unnecessary for us to determine the exact number of days which were tolled by appellant's inaction under R.C. 2945.72(D), we note that if the one hundred twenty-seven days tolled by appellant's actions under R.C. 2945.72(E) were added to the days tolled by appellant's inaction under R.C. 2945.72(D), there is no question that the total days chargeable against the state would fall far below the statutory limit. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J. concur.
[1] For purposes of computing time under R.C. 2945.71, the day of arrest is not included against the time within which defendant must be brought to trial. State v. Steiner (1991), 71 Ohio App.3d 249,250-51.