This is an appeal from a judgment entered in the Circleville Municipal Court.
 Statement of the Case
On the afternoon of July 6, 1998, Patrick Sleffel, Sr., age 63, was riding his bicycle on Long Street in the Village of Ashville, Pickaway County. At or near the intersection with Church Street, he was involved in an accident with a Chevrolet Blazer driven by Dennis Blaney. Mr. Sleffel was injured in the accident and was taken to the hospital.
On July 9, 1998, Ashville Police Officer Fortner served a summons and uniform traffic ticket upon Mr. Sleffel in his home. Appellant was charged with a violation of Section 444.04(A) of the City of Ashville Traffic Code, failure to ride his bike as close as possible to the right edge of the street.
From the Circleville Municipal Court docket, it appears that the traffic case was filed on July 14, 1998, and an initial hearing set for July 16, 1998. Mr. Sleffel filed a handwritten note with the court on July 15, 1998, which we will quote in part:
"To Connie Weaver,
 I Patrick Lee Sleffel, Sr. want to plead not guilty on case #9806118.
I can be contacted at the following address:
[home address and telephone number omitted].
I am unable to appear in court due to my injuries.
/signed/ Patrick L. Sleffel, Sr."
Connie Weaver is not otherwise identified in the case below, but we assume she is a clerical employee of the court since the original bears the date stamp of the Clerk of Circleville Municipal Court for July 15, 1998. The record reflects that the matter was set for trial on August 12, 1998.
Mr. Sleffel's counsel, Mr. Goldstein, entered his appearance on August 10th, and on August 11, 1998, moved the court to dismiss the charge for failure to bring the matter to trial in thirty days, in compliance with R.C. 2945.73(B). At trial on August 12th, Mr. Goldstein's motion to dismiss was denied. Because Mr. Sleffel was not present, Attorney Goldstein moved for a continuance, which was also denied. The trial court proceeded to try the case in the absence of Mr. Sleffel.
The City Prosecutor then presented his case and witnesses. At the close of the cross-examination, the trial judge continued the matter to September 14, 1998. On September 14th, Mr. Sleffel was present, and his defense was presented. At the close of the case, the Judge entered into a colloquy with Mr. Sleffel, then began his assessment of the case.
Realizing that the Judge was preparing to rule on the matter, Attorney Goldstein requested time to present a closing statement, but his request was denied. The court proceeded to find Mr. Sleffel guilty of the offense, but ordered the fine and costs suspended. Mr. Sleffel filed a timely notice of appeal.
The appellant raises Three Assignments of Error:
 1. THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR A DISCHARGE FOR DELAY IN TRIAL AND THEREBY VIOLATING DEFENDANT'S RIGHT TO A SPEEDY TRIAL.
 2. THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO MAKE A CLOSING ARGUMENT FOLLOWING THE PRESENTATION OF EVIDENCE.
 3. THE TRIAL COURT ERRED IN COMMENCING THE TRIAL WITHOUT THE PRESENCE OF THE DEFENDANT.
 DECISION
Appellant's first assignment of error, asserting failure to bring him to trial within the statutory period, resulting in violation of his right to a speedy trial, and the denial of his motion for discharge on this basis, by the court below, is one which requires us to review a mixed question of law and fact.
Appellant was cited with the traffic offense, a minor misdemeanor, on July 9, 1998. Revised Code Section 2945.71 (A) provides:
A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons.
In reviewing the trial court's decision overruling a motion for dismissal on speedy trial grounds, we must determine if "there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record." See State v. Brown (1992), 64 Ohio St.3d 476,597 N.E.2d 97, syllabus. A speedy trial issue raises a mixed question of fact and law, see State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, unreported. An accused establishes a prima facie case for discharge pursuant to R.C.2945.73 once he demonstrates that the time limit imposed by the statute has been exceeded, State v. Butcher (1986), 27 Ohio St.3d 28, 500 N.E.2d 1368.
The burden then shifts to the State to demonstrate that the time limit was validly exceeded in accordance with R.C.2945.72. See Butcher, 27 Ohio St.3d at 31. Our first task is to simply count the days as directed by R.C. 2945.71, Oregon v.Kohne (1997), 117 Ohio App.3d 179, 690 N.E.2d 66. Appellant was served with the uniform traffic ticket and summons on July 9, 1998. Under Criminal Rule 45(A), (Computation of Time) the day of service is not counted. Hence the thirtieth day after service of summons would be August 8, 1998, a Saturday. Under the rule, the last day of the period is included, unless on a weekend or legal holiday. Therefore, the last day for trial would have been Monday, August 10, 1998. See State v. McCornell
(1993), 91 Ohio App.3d 141, 145, 631 N.E.2d 1110, 1112. Appellant's trial was set for August 12, 1998.
Appellant has, therefore, established a prima facie case of violation of the "speedy trial" rule, State v. Howard (Mar. 4, 1994) Scioto App. No. 93CA2136, unreported; North Olmsted v.Cipiti (1996), 114 Ohio App.3d 549, 683 N.E.2d 795; State v.Butcher, 27 Ohio St.2d at 30-31, 500 N.E.2d at 1370. The burden shifts to the City to demonstrate that the time limits have not been exceeded or that the time limit has been extended under R.C. 2745.72. See State v. McKinney (July 17, 1998), Ross App. No. 97CA2345, unreported; Cleveland v. Jones (1996), 110 Ohio App.3d 791,794, 675 N.E.2d 498, 499; State v. Singer (1977),50 Ohio St.2d 103, 362 N.E.2d 1216.
The City contends that appellant's filing on July 15th was a request for continuance while he recovered from his injuries from the accident, which the trial court granted by extending the time for trial four days. Therefore, claims the City, the statute is tolled under R.C. 2945.72(H). However, the record below does not support the City's argument, for the trial court never journalized a continuance. Any continuance granted by the court would be charged against the City, unless the court enters the continuance on the record, and documents the reasons for the continuance and why it should be charged against the appellant. See City of Brooklyn v. Blake (Oct. 8, 1998), Cuyahoga App. No. 73354, unreported; State v. Collura (1991),72 Ohio App.3d 364, 594 N.E.2d 975; State v. Geraldo (1983),13 Ohio App.3d 27, 468 N.E.2d 328.
Nor can we find that appellant's filing of July 15, 1998, constituted a request for continuance, thereby tolling the speedy trial statute. To be effective, an accused's waiver of his speedy trial rights must be in writing or in open court and on the record. State v. King (1994), 70 Ohio St.3d 158,637 N.E.2d 903. It is clear to us that appellant only intended to enter his plea and not to request a continuance, and there is no continuance on the record. If the trial court sua sponte
grants a continuance, it still must journalize the entry and the reasons for the continuance before the expiration of the time limits of R.C. 2745.71. See, State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571. The court may only speak through its record, State ex rel. Worchester v. Donnellon (1990), 49 Ohio St.3d 117, 551 N.E.2d 183.
The City argues that the court has discretion to continue the trial beyond the statutory limit, State v. Davis (1976),46 Ohio St.2d 444, 75 O.O.2d 498, 349 N.E.2d 315, especially if the delay was attributable to the defendant, see State v.Bumbalough (1992), 81 Ohio App.3d 408, at 410, 611 N.E.2d 367,368. In Davis, defendant's counsel agreed to the trial date set beyond the time limit. In Bumbalough, the delay was caused by the defendant's filing of a motion to suppress. We have nothing in the record of the case before us to indicate that appellant caused the delay.
The Supreme Court of Ohio, in State v. Pachay (1980), 64 Ohio St.2d 218, 416 N.E.2d 589, states that the speedy trial requirements of R.C. 2945.71 constitute a rational effort to enforce the constitutional guarantee of a speedy trial and, therefore, must be strictly complied with by the courts. We find that appellant has established a prima facie case for discharge under the statute, and that the City has not met its burden to demonstrate that the time limit had been either extended, with the time chargeable to the appellant, or that the statutory time limit was not exceeded. Therefore, R.C.2945.73 mandates discharge.
Accordingly, appellant's first assignment of error is well taken, the judgment of the trial court is REVERSED and appellant is DISCHARGED.
In accordance with App. R. 12, appellant's second and third assignments of error are rendered moot by our determination of appellant's first assigned error, and we are not required to decide or rule upon them.
JUDGMENT REVERSED
APPELLANT DISCHARGED
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the appellant be discharged, and that the appellant recover of the appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that special mandate issue out of this court directing the Circleville Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only. Abele, J.: Dissents.
For the Court
 By: _____________________ David T. Evans, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.