DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Pike County Court, upon a "no contest" plea, finding John D. Casto, defendant below and appellant herein, guilty of driving under the influence of alcohol in violation of R.C. 4511.19(A). The following error is assigned for our review:
 "THE TRIAL COURT ERROR [sic] IN OVERRULING DEFENDANT'S MOTION TO DISMISS AND FINDING HIM GUILTY UPON HIS PLEA OF NO CONTEST."[1]
The facts in this case are virtually undisputed and can be summarized as follows.[2] In the early morning hours of January 26, 1998, Ohio State Highway Patrol Trooper R.J. Howard observed appellant's vehicle weaving within its lane of travel. Trooper Howard pulled the car over and, upon approaching appellant, noticed a strong odor of alcohol as well as glassy and bloodshot eyes. After appellant's unsatisfactory performance on several physical coordination tests, Trooper Howard arrested appellant for driving under the influence. A chemical test later revealed .232 grams of alcohol by weight per one hundred milliliters of his urine in violation of R.C. 4511.19(A)(4). Appellant was subsequently charged with felony DUI, held in jail for one (1) day and then released on his own recognizance. He waived a preliminary hearing on the charge and "was bound over to the Grand Jury and the Court of Common Pleas of Pike County which opened a case number of 59CR98."
The Pike County Grand Jury then indicted appellant on May 19, 1998, and opened a new case number 87CR98. Over the next couple of months, different materials were filed and intermingled between these cases. Neither defense counsel nor the prosecuting attorney were "aware that there were in fact two [2] cases although different case numbers were being used." On July 16, 1998, appellant filed a motion to suppress evidence. The matter was set for hearing on September 10, 1998, but was never resolved as the trial court was apparently advised that "the State would be filing a dismissal without prejudice and would proceed against appellant on a misdemeanor." A dismissal entry was filed on September 24, 1998, but only in case number 59CR98. No such entry was ever filed in case number 87CR98.
The cause sub judice was commenced on January 17, 1999, when appellant "was served with a misdemeanor DUI citation" based on the incident from the previous year. He entered a plea of "not guilty" to the charge. On January 26, 1999, appellant moved to dismiss the case arguing that more than ninety (90) days had elapsed while the previous action was pending, thereby placing this matter outside the "speedy trial" deadline. On February 11, 1999, the trial court overruled "appellant's motion. The court reasoned that the prosecution had until October 21, 1998 to bring appellant to trial on the felony charge and that the September 24, 1998 dismissal left twenty-seven (27) days for the misdemeanor charges to be brought to trial. Even if those additional twenty-seven (27) days did not exist, the court concluded, appellant's motion to suppress evidence in the previous felony case tolled the "speedy trial" time. Thus, the trial court held that the scheduled trial in this case was set within the appropriate statutory deadline. Appellant thereafter changed his plea to "no contest" and was ultimately found guilty. Judgment was entered on February 12, 1999, imposing, inter alia,
a partially suspended one hundred eighty (180) day jail sentence and a $500 fine. This appeal followed.
We begin our analysis of this case from the well settled premise that the Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a "speedy trial" by the state. See Klopfer v. North Carolina
(1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1,8; also see State v. Adams (1989), 43 Ohio St.3d 67, 68,538 N.E.2d 1025, 1026, State v. Singer (1977), 50 Ohio St.2d 103,106, 362 N.E.2d 1216, 1218 at fn. 2. The same right is also assured by Section 10, Article I of the Ohio Constitution. SeeState v. O'Brien (1987), 34 Ohio St.3d 7, 8, 516 N.E.2d 218, 220,State v. Ladd (1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579,581. These rights are implemented by the statutory provisions set out in Sections 2945.71 to 2945.73 of the Ohio Revised Code. SeeState v. Thomas (Aug. 4, 1999), Lorain App. No. 98CA7058, unreported; State v. Wright (Jul. 8, 1993), Athens App. No. 92CA1537, unreported; State v. Slade (Dec. 8, 1992), Ross App. No. 1822, unreported. Those provisions generally require that misdemeanants be brought to trial within ninety (90) days of arrest and that felons be brought to trial within two hundred seventy (270) days of arrest. See R.C. 2945.71(B)(2) (C)(2). Each day that the accused is held in jail in lieu of bail on the pending charge is counted as three (3) days. Id. at (E).
The instant case is somewhat unusual because it includes a felony charge that was subsequently dismissed and later refiled as a misdemeanor charge, and based upon the same underlying course of conduct. Under these circumstances, the statutory time limitations respecting the misdemeanor will apply subject to the requirement that the time for trial shall not exceed the statutory period for trial of the felony. See State v. Phillips
(1984), 19 Ohio App.3d 85, 86, 482 N.E.2d 1337, 1338; State v.Cattee (1983), 14 Ohio App.3d 239, 242, 470 N.E.2d 421, 424; alsosee State v. Boyd (Aug. 29, 1996), Licking App. No. 96CA9, unreported. In other words, to compute the speedy trial time, we compare the deadlines for the original charge versus the reduced charge and then use the earlier of the two (2) deadlines. Statev. Smith (Jan. 12, 2000), Athens 99CA31, unreported; State v.Besimer (Feb. 28, 1996), Ross App. No. 95CA2110, unreported.
Applying these principles, the trial court calculated that appellant should have been brought to trial on the initial felony charge by October 21, 1998, and that the September 24, 1998 dismissal left twenty-seven (27) days in which to bring appellant to trial on the misdemeanor charge. Appellant does not challenge either the court's mathematical calculations or the underlying principles that guided them. Instead, he argues that the computations should not have been based on a felony charge and that, in any event, the trial court neglected to take into account that the dismissal entry was never filed in case number 87CR98. We find no merit in either argument.
It should be noted at the outset that appellate review of speedy trial issues present mixed questions of law and fact. SeeState v. Buck (Apr. 20, 1999), Ross App. No. 98CA2432, unreported; State v. Hatton (Apr. 19, 1999), Pickaway App. No. 97CA34, unreported; State v. Hurst (Mar. 12, 1999), Gallia App. No. 98CA08, unreported. This Court will accept factual findings by the trial court so long as they are supported by some competent and credible evidence but we review the application of law to those facts de novo. See State v. Hiatt (1997), 120 Ohio App.3d 247,261, 697 N.E.2d 1025, 1035; also see State v. Thomas
(Aug. 4, 1999), Lorain App. No. 98CA7058, unreported; State v.Howard (Mar. 4, 1994), Scioto 93CA2136, unreported. With these principles in mind, we turn our attention to the points raised by appellant in his brief.
Appellant first contends that his past criminal "record" was insufficient to support the original felony DUI charge because "two [2] of the prior judgment entries of conviction were invalid."[3] He concludes that he should only have been charged originally with misdemeanor DUI and that the trial court erred by basing its calculations on the two hundred seventy (270) day period allotted for felonies under R.C. 2945.71(C) rather than the ninety (90) day period allotted for misdemeanors under R.C.2945.71(B). This argument fails for several reasons.
The most obvious problem with appellant's position is that there is absolutely nothing in either the record before us, or in the App.R. 9(D) statement, to substantiate that the prior DUI convictions were "invalid." More importantly though, even if they were "invalid," the charge brought against appellant was still felony DUI. Any questions as to the validity of prior DUI convictions might have been appropriately raised at trial, but these questions had no bearing whatsoever on the fact that a felony had been charged and that the applicable statutory deadline was the two hundred seventy (270) days set forth in R.C.2945.71(C). The existence of the felony DUI charge was set forth in an agreed statement of facts to the trial court, in an App.R. 9(D) statement to this Court and in various other original papers contained in the record not the least of which is the Uniform Traffic Citation used to commence this case. As did all other parties to this proceeding, appellant consistently treated the original charge against him as a felony and he cannot now argue for the first time for different treatment at this stage of the proceedings (particularly when he has nothing to substantiate his position). We therefore find no merit in his argument that the trial court should have based it's initial speedy trial calculation on the ninety (90) day limit for a misdemeanor.
Appellant's second argument is that the trial court failed to account for the prosecution's failure to dismiss case number 87CR98. He asserts that because the September 24, 1998 dismissal entry was not filed in "both cases," the original criminal proceeding against him is still pending and the "speedy trial" time has long since expired. We disagree.
Although the better practice would certainly have been to file dismissal entries in both "cases," it appears to us that the parties and the trial court all operated under the assumption that the matter (felony charge) had been terminated. The App.R. 9(D) statement provides that "neither counsel for appellant or the office of prosecuting attorney were aware that there were in fact two cases[.]" Thus, the parties all regarded the matter as dismissed once the entry was filed in case number 59CR98. There is nothing in the record to suggest that this oversight ever resulted in the restriction of appellant's freedom and there is no indication anywhere in the record that this mistake was the result of any bad faith or malfeasance on the part of the prosecution. The prosecution did not circumvent the various constitutional policies behind the speedy trial time limits and we will not permit appellant to profit as a result of a clerical mistake.
Moreover, as the trial court cogently noted, a motion to suppress evidence generally tolls the speedy trial time under R.C. 2945.72(E). See State v. Bumbalough (1992), 81 Ohio App.3d 408,410, 611 N.E.2d 367, 368, State v. Arrizola (1992), 79 Ohio App.3d 72,75, 606 N.E.2d 1020, 1021; State v. Walker (1974),42 Ohio App.2d 41, 43, 327 N.E.2d 796, 798. We therefore hold that appellant's July 16, 1998 motion to suppress evidence in the felony case would have tolled the speedy trial time, notwithstanding any clerical or technical failure in omitting to file the dismissal entry under that particular case number.
For all these reasons, we find no merit in the assignment of error. Thus, we hereby overrule appellant's assignment of error and we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. KLINE, P.J., Concur in Judgment Opinion.
For the Court
 BY: _____________________________ PETER B. ABELE, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellant's brief incorrectly combines the table of contents with his statement of assignments of error. The assignments of error should be listed on a separate page. See
Whiteside, Ohio Appellate Practice (1999 Ed.) 93, § T5.13.
[2] Our understanding of the facts in this case come from both the record and an App.R. 9(D) statement prepared by the parties. We acknowledge that such a statement is typically used "in lieu of" the record on appeal. However, in order to gain greater insight into the factual posture of this case, we have also consulted the original papers rather than just relying on the agreed statement of facts.
[3] DUI is ordinarily a first degree misdemeanor. See R.C.4511.99(A)(1)-(2). However, after three (3) or more DUI violations over a six (6) year period, subsequent violations are a fourth degree felony. Id. at (A)(4)(a).