DECISION AND JOURNAL ENTRY
Defendant, Lena Cody, appeals from the judgment of the Akron Municipal Court finding her guilty on three counts of child endangering. We reverse.
On August 20, 1999, the City of Akron served a summons upon Defendant charging her with three counts of child endangering, in violation of R.C. 2919.22(A), a first degree misdemeanor. The trial court scheduled a pretrial proceeding for October 7, 1999. After Defendant failed to appear at the scheduled time, the court scheduled a second pretrial proceeding for November 1, 1999. At that proceeding Defendant's case was set for trial on December 15, 1999. At trial, defense counsel moved for dismissal of the case, alleging the trial date was beyond the requisite time period established by the Ohio Revised Code speedy trial requirements. The court denied the motion. Following a jury trial, Defendant was found guilty of three counts of child endangering and sentenced to 180 days in the County Jail suspended, one year probation, and successful completion of parenting classes at Children Services Board. Defendant timely appealed and has raised one assignment of error for review. The City filed its reply brief in an untimely manner and it was stricken from the record. Therefore, we will not address the City's arguments.
 ASSIGNMENT OF ERROR The [City's] failure to bring [Defendant's] case to trial within the time limit prescribed by R.C. 2945.71(B)(2) violated [Defendant's] Sixth and Fourteenth Amendment rights and Section 10, Article I, of the Ohio Constitution and the trial court erred by failing to file a journal entry detailing the reasons for delay of [Defendant's] trial.
In her sole assignment of error, Defendant alleges a violation of her constitutional rights because she was not brought to trial within the time requirements of R.C.2945.71(B)(2). Additionally, Defendant alleges that the trial court gave no reasons for the delay. Therefore, Defendant argues the trial court erred in denying her motion to dismiss for failure to comply with the speedy trial statute. We agree.
When reviewing whether Defendant was denied her right to a speedy trial, this Court must apply the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas (Aug. 4, 1999), Lorain App. No. 98CA007058, unreported at 4; see, also, United States v. Smith
(C.A.6, 1996), 94 F.3d 204, 208, certiorari denied (1997),519 U.S. 1133, 136 L.Ed.2d 877. The Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy public trial. State v. Ladd (1978), 56 Ohio St.2d 197,200. The Ohio Legislature enacted R.C. 2945.71 to protect these constitutional safeguards. The language of R.C. 2945.71 must be strictly construed against the [City]. See State v. Pachay
(1980), 64 Ohio St.2d 218, syllabus. As such, speedy trial time begins to run the day after the date of arrest or service of summons. State v. Steiner (1991), 71 Ohio App.3d 249, 250-251.
As applicable to first degree misdemeanors, R.C.2945.71(B)(2) states that a person charged with a misdemeanor, other than a minor misdemeanor, shall be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons[.]" R.C. 2945.73(B) requires a defendant to be discharged if not brought to trial within the time required by R.C. 2945.71, so long as the defendant made a motion at or prior to the commencement of trial.
The time period under R.C. 2945.71 may be extended or tolled under certain circumstances. R.C. 2945.72 provides that the time within which a defendant must be brought to trial may be extended by
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]
Thus, the time limits provided in R.C. 2945.71 have some degree of flexibility. The record of the trial court must demonstrate that its sua sponte continuance of the case was reasonable and that it made a journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71.State v. Mincy (1982), 2 Ohio St.3d 6, 7-8. In addition, the trial court must state reasons in its journal entry for the continuance. Id. at syllabus. Mere entries on the record will not suffice, unless the reasonableness of the continuance cannot be seriously questioned. State v. Lee
(1976), 48 Ohio St.2d 208, 209.
However, this Court previously recognized that an unjournalized continuance may be charged against a defendant if the record indicates that the delay was attributable to him.State v. Bumbalough (1992), 81 Ohio App.3d 408, 410, citing Statev. Benson (1985), 29 Ohio App.3d 321, 324 (Parrino, C.J., concurring in part and dissenting in part). For example, in Statev. Brown (Jan. 3, 1996), Medina App. No. 2438-M, unreported at 6-7, this Court held that the defendant's failure to appear for a scheduled arraignment tolled the speedy trial statute from the scheduled date of the arraignment to the date the defendant finally appeared.
With the above exceptions and requirements in mind, we shall now compute the time taken to bring Defendant to trial, including a determination of which days may be charged to Defendant. Defendant was charged with a misdemeanor of the first degree. Therefore, the speedy trial statute required the City to bring Defendant to trial within ninety days of the summons date of August 20, 1999. R.C. 2945.71(B)(2). Because the day of service of summons is not included when calculating the time within which a defendant must be brought to trial, the speedy trial time began to run in this case on August 21, 1999. Id. From August 21, 1999 until December 15, 1999, the day of trial, 116 days elapsed without the commencement of a trial. We charge this time to each party as set forth below.
The trial court scheduled the original pretrial proceeding for October 7, 1999, forty-seven days after the statutory period began to run. No exceptions apply to this time period and it is chargeable against the City. After Defendant failed to appear on time for the original pretrial proceeding, the trial court continued the case and rescheduled the pretrial proceeding for November 1, 1999, twenty-five days later. Although the trial court did not detail the specific reason for the continuance, the record indicates Defendant caused the delay. Therefore, this period of twenty-five days is properly charged to Defendant. R.C.2945.72(D); see, also, State v. Bumbalough, supra; State v. Brown,supra. At the pretrial proceeding on November 1, 1999, the trial court set Defendant's case for trial on December 15, 1999, forty-four days later. Since no exceptions apply to this time period, it is chargeable to the City, resulting in a total of ninety-one days charged to the City. Therefore, the City exceeded the ninety day requirement of R.C. 2945.71(B)(2) by one day, without explanation.
As previously mentioned, the statutory time limits are flexible to some degree. However, this is not a case where the trial court originally set the trial within the requisite statutory time limitations with a subsequent continuance for a necessary and reasonable purpose. See State v. Lee, supra, at 209. On the contrary, in this case the trial court set the first and only trial date beyond the statutory limits and failed to file a journal entry detailing any reasons for the delay. Therefore, this Court cannot determine if there was a reasonable cause for delay. Applying the principle of strict construction against the City, the one day delay violates R.C. 2945.71. See State v.Pachay, supra, at syllabus.
The record also discloses that Defendant complied with the directive of R.C. 2945.73 which requires her to file a motion for discharge at or prior to the commencement of trial. Defendant's attorney made an oral motion on the day of trial to dismiss the case for failure to comply with the speedy trial statute. Therefore, Defendant did not waive her fundamental right to a speedy trial.
Defendant's assignment of error is sustained. The judgment of the Municipal Court of Akron is reversed and Defendant is discharged as provided in R.C. 2945.73(B).
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.