THE STATE OF OHIO, APPELLANT, *v.* BUTCHER, APPELLEE.

[Cite as State *v.* Butcher (1986), 27 Ohio St. 3d 28.]

(No. 86-182—Decided November 26, 1986.)

*John T. Corrigan,* prosecuting attorney, and *John P. Tremsyn,* for appellant.

*Paul Mancino, Jr.,* for appellee.

*Per Curiam.* Without citation to any legal authority whatsoever, the state maintains that when a criminal defendant is being held in jail as a result of having been charged with the commission of separate and distinct felonies, the triple-count provision of R.C. 2945.71(E) is not applicable. Presumably, the state seeks to invoke the rule contained in *State* v. *Ladd* (1978), 56 Ohio St. 2d 197 [10 O.O.3d 363], syllabus, and *State* v. *Mac-Donald* (1976), 48 Ohio St. 2d 66 [2 O.O.3d 219], paragraph one of the syllabus, that "R.C. 2945.71(D) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge."[3] Although we continue to adhere to the principles espoused in *Ladd* and *MacDonald,* these cases are inapposite to the subject cause.

In his January 18, 1985 motion for discharge, appellee alleged that he was not afforded a speedy trial under R.C. 2945.71(E), and that he remained in jail since the date of his arraignment "solely on this pending cause." At the oral hearing on the motion, the state argued appellee was not being held in jail solely for the charge contained in the indictment, but rather, that he was also being held for "numerous" other charges stemming from a variety of felonies which he allegedly committed. Continuing, the state suggested that, as a result of those other charges, appellee was not entitled to the triple-count provision of R.C. 2945.71(E), thereby allowing the trial to commence within two hundred seventy days of his arrest.

We agree with the court of appeals that the state failed to document its position at the oral hearing by way of records[4] demonstrating the existence of other pending charges sufficient to invoke the rule of *Ladd* and *MacDonald.* In fact, a review of the record reveals an absence of any documents establishing that appellee's confinement was related to charges other than the pending charge. When appellee alleged in his motion that

---

[3] Subsequent to the decisions in *Ladd* and *MacDonald,* R.C. 2945.71 was amended so that the triple-count provision, which formerly appeared in division (D), now appears in division (E).

[4] Court records, journal entries or jail records are but some of the means by which the state could have placed evidence in the record to support its position that appellee was not confined in jail solely on the pending charge.

he was incarcerated "solely on this pending charge" and then demonstrated he was not brought to trial within the limits imposed by the triple-count provision, he presented a *prima facie* case for discharge. At that point a burden of production arose whereby the state became obligated to produce evidence demonstrating appellee was not entitled to be brought to trial within the limits of R.C. 2945.71(E). Having failed to produce any such evidence, the court of appeals correctly held that the state did not meet *its burden* of establishing that appellee was not entitled to the triple-count provision under the statute.

We have repeatedly stated that as valid legislative enactments, R.C. 2945.71 and 2945.73 are mandatory and must be strictly adhered to by the state. *State* v. *Cross* (1971), 26 Ohio St. 2d 270 [55 O.O.2d 495], paragraph one of the syllabus; *State* v. *Gray* (1964), 1 Ohio St. 2d 21 [30 O.O.2d 12], paragraph one of the syllabus. In the present case the record unequivocally demonstrates the state's failure to introduce evidence sufficient to rebut appellee's *prima facie* motion for discharge and, therefore, we are constrained to hold that the conviction was properly reversed on speedy trial grounds.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.