[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Jonathon Penrod appeals from his conviction in the Miamisburg Municipal Court of telephone harassment pursuant to his no contest plea.
The defendant was served with the summons and complaint on March 17, 1997. On March 26, 1997, the trial court set a pre-trial conference for June 2, 1997. On June 9, 1997, the court set the matter for trial on July 21, 1997. On July 14, 1997, the defendant moved to dismiss the charge against him because he claimed his right to a speedy trial as provided by R.C. 2945.71 et seq. had been denied.
On July 21, 1997, the trial court overruled the defendant's motion noting that only seventy six days from the date the defendant had been served with the summons could be properly charged to the State of Ohio. The court noted that "the time from June 11th to the date of trial of July 21, 1997 is charged to the defendant."
In his sole assignment of error, appellant contends the trial court erred in overruling his dismissal motion as he was not brought to trial within ninety (90) days as required by R.C.2945.71(B)(2). The defendant argues that the Clerk of Court's transcript of docket and journal entries fails to demonstrate that the defendant requested a continuance on June 11, 1997 of his trial.
The State of Ohio notes that the criminal docket reflects a notation dated June 11, 1997, "Continue At Request of Defendant — Charge Time to Defendant followed by Judge Messham's initial.
The parties concede that the defendant was charged with a misdemeanor of the first degree and pursuant to R.C. 2945.71(B)(2) should have been brought to trial within ninety (90) days after he was served with summons. The parties also concede that if the time from June 11 to July 21 is not chargeable to the defendant, then the defendant's statutory rights to a speedy trial were denied.
In State v. Butcher (1986), 27 Ohio St.3d 28 at 31-32, the Supreme Court of Ohio determined that when a defendant alleges in his motion to dismiss that he has been held solely on the pending charge and then demonstrates that he was not brought to trial within the limits imposed by the statute, he presents a primafacie case for discharge. The burden then shifts to the state to show that the statutory limitations have not been exceeded or that the limit was extended pursuant to R.C. 2945.72. Id. at 31. The Supreme Court of Ohio held more recently in State v. King (1994),70 Ohio St.3d 158 at syllabus that "* * * an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." [citing State v. O'Brien (1987), 34 Ohio St.3d 7.]
There is no evidence in this record that the defendant waived his right to a speedy trial in writing or in open court on the record. The only evidence is the court's notation that the defendant requested a continuance on June 11, 1997. Accordingly, the State failed to demonstrate that the statutory limitations have not been exceeded or that the limit was extended pursuant to R.C. 2945.72. See, City of Toledo v. Peake (October 28, 1994), Lucas App. L-94-113, unreported. The assignment of error is sustained.
The judgment of the trial court is Reversed.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Patrick G. Carney
Lynn G. Koeller
Hon. Robert E. Messham