OPINION
Defendant-Appellant, Wes Cook, appeals from a judgment of the Franklin County Municipal Court whereby appellant was convicted of a speeding violation under the Upper Arlington Codified Ordinance.
On November 21, 1998, appellant was charged by the Upper Arlington Police Department with a speeding violation, a minor misdemeanor. The charging officer summoned appellant into the Upper Arlington Mayor's Court ("mayor's court") for an arraignment on December 3, 1998; however, at appellant's request, the arraignment was continued to December 17, 1998.
On December 17, 1998, appellant appeared before mayor's court and entered a plea of "not guilty" to the speeding violation charge. The case was scheduled for trial on December 30, 1998. On December 30, 1998, Vice Mayor Brooks ("Brooks") transferred appellant's case to the Franklin County Municipal Court. The judgment entry ordering the transfer was filed in municipal court on December 31, 1998. The case was then set for arraignment in municipal court on January 12, 1999. When appellant appeared before the municipal court on January 12, 1999, he entered a plea of "not guilty" and the case was scheduled for trial on January 21, 1999.
On January 21, 1999, an oral motion to dismiss was made by appellant. Appellant asserted that his case was not lawfully transferred to municipal court and that his speedy trial rights had been violated. After granting appellant a continuance, the trial court heard arguments on appellant's motion on February 3, 1999. The trial court concluded that appellant's case was lawfully transferred to municipal court and that his speedy trial rights had not been violated. The trial court overruled appellant's motion and the case proceeded to trial. The trial court found appellant guilty of the speeding violation and sentenced him to a $50 fine, plus court costs.
Appellant appeals, raising the following assignments of error:
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN RULING THAT A PROPER AND LAWFUL TRANSFER OCCURRED WHEN VICE-MAYOR PAULA BROOKS ATTEMPTED TO TRANSFER THIS CASE FROM THE UPPER ARLINGTON MAYOR'S COURT TO THE FRANKLIN COUNTY MUNICIPAL COURT.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE APPELLANT'S RIGHTS TO A SPEEDY TRIAL AND EQUAL PROTECTION OF LAW HAD BEEN VIOLATED.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN IMPOSING A FEE UPON APPELLANT UPON THE "TRANSFER" OF THE CASE FROM THE UPPER ARLINGTON MAYOR'S COURT TO THE FRANKLIN COUNTY MUNICIPAL COURT.
Because appellant's first assignment of error and part of his second assignment of error concern similar issues, we will address them together. Appellant's first assignment of error and part of his second assignment of error concern whether the Ohio speedy trial statute was tolled when Brooks transferred appellant's case to municipal court.
R.C. 2945.71, the speedy trial statute, was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 55. The Ohio Supreme Court has held that "the statutory speedy trial provisions set forth in R.C. 2945.71 [are] coextensive with constitutional speedy trial provisions." State v. King (1994),70 Ohio St.3d 158, 160. The speedy trial statute, R.C. 2945.71, provides in pertinent part:
 (A) A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons.
Appellant has properly asserted that more than thirty days has passed between his initial summons and trial. Therefore, appellant has set forth a prima facie case on his speedy trial violation claim. See State v. Butcher (1986), 27 Ohio St.3d 28,31; State v. Grinnell (1996), 112 Ohio App.3d 124, 132. Accordingly, the burden shifts to the state to prove that the speedy trial statute was properly tolled to allow for a trial beyond the thirty-day time period. Butcher, at 31; Grinnell, at 132.
The lawful removal of a case from a court tolls the speedy trial statute. R.C. 2945.72(F). The Ohio Supreme Court held that the lawful transfer of a case from mayor's court to the municipal court is a "removal" within the meaning of R.C. 2945.72
and, thus, tolls the speedy trial statute. Cook, at syllabus. The tolling period is the time from the defendant's arrest or summons to the date the mayor's court certifies the case to municipal court. Id.
In this case, as noted above, on December 30, 1998, Brooks issued a judgment entry that transferred appellant's case to municipal court. Appellant asserts that his case was not properly transferred to municipal court and that the speedy trial statute was not tolled by the improper transfer. We agree.
R.C. 1905.032 governs decisions to transfer cases from mayor's court to municipal court. The statute provides, in pertinent part, that a mayor may transfer a case from mayor's court to municipal court if the case involves a person charged with the violation of a law or ordinance within the jurisdiction of the mayor's court. R.C. 1905.032. However, the mayor is not the only individual with power to transfer cases from mayor's court to municipal court. See May.R. 2(B); May.R. 13(D); R.C.1905.05(A). As noted below, other individuals may be given authority to handle mayor's court judicial matters on behalf of the mayor.
Initially, we recognize that the Upper Arlington City Charter has provisions that would allow the vice mayor to act in the place of the mayor and handle the judicial matters of mayor's court, including decisions to transfer cases from mayor's court to municipal court. Upper Arlington City Charter, Section IX. The city charter allows the vice mayor to act in the place of the mayor if the mayor "is unable for any cause to perform the duties of the office." Id.
In this case, plaintiff-appellee, the City of Upper Arlington, has presented no evidence indicating that Brooks transferred appellant's case to municipal court as "acting mayor" because Upper Arlington Mayor Varda was "unable for any cause to perform the duties of the office." Appellee asserts that the mayor's being "unable for any cause" to perform his duties was established through a court schedule and judgment entry made in January 1998. We disagree. The judgment entry and court schedule solely announced what dates in 1998 the mayor, the vice mayor and magistrates Richard Ferrell and John Bender would preside over mayor's court. The judgment entry and court schedule do not mention what cause, if any, existed that made Mayor Varda unable to fulfill his duties on the date Brooks transferred appellant's case to municipal court. To infer the existence of "any cause" from the court schedule and judgment entry would be speculative and, therefore, improper. Thus, the record does not establish that Brooks was serving as "acting mayor" in this case and, therefore, was not authorized to transfer appellant's case to municipal court under the authority of Upper Arlington City Charter Section IX.
We further recognize that a mayor may appoint a mayor's court magistrate to handle mayor's court judicial matters. R.C.1905.05(A). However, in this case, appellee has presented no evidence establishing that Mayor Varda appointed Brooks as a mayor's court magistrate when she transferred appellant's case to municipal court. For example, a judgment entry assigning individuals to preside over mayor's court in 1998 does not refer to Brooks as a magistrate; rather, the judgment entry refers only to Richard Ferrell and John Bender as magistrates. As well, there is nothing in the record proving that Brooks was paid for serving as a magistrate, as mandated by R.C. 1905.05(A), or that she met any of the qualifications of a magistrate, as provided in R.C.1905.05(A). Accordingly, Brooks was not authorized under R.C.1905.05(A) to transfer appellant's case to municipal court.
Moreover, along with the requirements set by the Ohio Revised Code noted above, we recognize that the Ohio Supreme Court has established education requirements in the Mayor's Court Education and Procedure Rules that individuals must meet to become lawfully authorized to handle mayor's court judicial matters. See May.R. 1 (noting that an individual who wishes to exercise the jurisdiction and authority under a mayor's court must comply with requirements set forth in the Mayor's Court Education and Procedure Rules); see, also, May.R. 3 and 4 (outlining education requirements that individuals must meet to handle mayor's court judicial matters).
In this case, the only indication of Brooks' compliance with the Mayor's Court Education and Procedure Rules were copies of certificates attached to appellee's brief. However, the copies were solely appended to the briefs and never admitted into evidence. Such evidentiary matter solely appended to appellate briefs is not properly part of the record, does not augment the record and may not be considered by us in the determination of this appeal. See App.R. 9; Paulin v. Midland Mutl. Life Ins. Co.
(1974), 37 Ohio St.2d 109, 112; State v. Meyer (Nov. 13, 1990), Putnam App. No. 12-89-8, unreported.
Thus, based on the reasons noted above, Brooks had no authority to transfer appellant's case to municipal court under R.C. 1905.032, and her decision to transfer appellant's case does not constitute a lawful removal under R.C. 2945.72(F). As such, we conclude that the speedy trial statute was not tolled by the decision to transfer appellant's case.
Having so concluded, we examine whether appellant's speedy trial rights were violated. As noted above, the Ohio speedy trial statute mandates that appellant be brought to trial within thirty days after his service of summons. R.C. 2945.71(A). Appellant received his traffic citation and summons on November 21, 1998. In reviewing whether appellant's speedy trial rights were violated, we acknowledge that the speedy trial statute is tolled during any continuances granted on the defendant's own motion. R.C. 2945.72(H). In this case, the trial court granted appellant a continuance from December 3, 1998 to December 17, 1998; however, no other events tolled the speedy trial statute. In particular, we decided above, the speedy trial statute was not tolled by the decision to transfer appellant's case to municipal court. Therefore, we conclude that the speedy trial statute mandated that appellant be brought to trial by January 4, 1999. In this case, the record clearly reveals that appellant was not brought to trial by January 4, 1999. Accordingly, in this case, because appellant was not brought to trial within the allotted time period provided by the Ohio speedy trial statute, appellant's conviction must be reversed. See Butcher, at 31; State v. Mays
(1996), 108 Ohio App.3d 598, 609.
Therefore, we sustain appellant's first assignment of error and his second assignment of error in part, as it relates to the speedy trial issue. Because of our disposition of appellant's first assignment of error and part of his second assignment of error concerning the speedy trial issue, appellant's third assignment of error is rendered moot regarding the validity of mayor's court fees imposed on appellant, and appellant's second assignment of error in part, concerning his equal protection violation claim, is also rendered moot. App.R. 12(A)(1)(c). Accordingly, based on the reasons noted above, the judgment of the Franklin County Municipal Court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
LAZARUS and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.