OPINION
Defendant-appellant Delmar J. Gagaris appeals from his conviction and sentence for one count of Fleeing and Eluding, and one count of Receiving Stolen Property. Gagaris contends that the trial court erred by denying his motion for discharge under Ohio Speedy Trial Statute, R.C. 2945.71, et seq., because the State produced no evidence to support the trial court's conclusion that the triple-count provision in the statute did not apply to him. Gagaris also contends that his conviction for Receiving Stolen Property is against the manifest weight of the evidence, because there was no evidence to support a finding that he knew the car was stolen when he began driving it. Finally, Gagaris contends that the trial court abused its discretion by imposing maximum sentences on the two counts.
We conclude that because Gagaris failed to allege that he was incarcerated solely on the pending charge, thereby becoming entitled to the triple-count provisions of the speedy trial statute, the State was not put to its proof on this issue. We further conclude that there is evidence in the record from which the jury could have inferred that Gagaris knew, or at least had reason to believe, that the car he was fleeing from the police in was stolen, since the car had been stolen just a few hours earlier, and Gagaris offered no explanation to compete with the inference that he was fleeing from the police because he was driving a stolen car. We agree with Gagaris, however, that the trial court failed to provide, in the record, its reason for finding that he had committed the worst form of the offense. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for re-sentencing.
 I
Gagaris was arrested after a high-speed automobile chase at speeds between 70 and 80 miles an hour, through a residential area with a twenty-five mile an hour speed limit. Police officers were attempting to stop the car because it had been reported stolen. Gagaris was driving the car. Two other individuals were passengers in the car.
Gagaris was arrested on April 9, 2000, and charged with one count of Receiving Stolen Property, and one count of Fleeing and Eluding. Trial was sent for August 2, 2000. On that date, Gagaris appeared with his attorney in open court, and moved for a discharge, pursuant to Ohio's speedy trial statute. Gagaris argued that he was incarcerated in jail, and that he had not been brought to trial within ninety days. Significantly, he did not argue that he was incarcerated solely on the pending charge. There is nothing in the record to reflect that the State had been put on notice, prior to Gagaris's oral motion in open court, that he intended to move for a speedy trial discharge.
In responding to the motion, the State argued that Gagaris was incarcerated pursuant to a parole violation detainer, so that the triple-count provision in the speedy trial statute did not apply to him. Gagaris did not rebut this argument. The record reflects some confusion as to how long Gagaris had been incarcerated — the trial court, at one point, having concluded that the day of the hearing on the motion was the ninetieth day following Gagaris's arrest. However, the record reflects that Gagaris was arrested on April 9, 2000, with the hearing having taken place on August 2, 2000. It appears, therefore, that Gagaris had actually been incarcerated more than ninety days. In any event, the trial court concluded that the triple-count provision did not apply to Gagaris, and denied his motion for discharge. Following a discussion of other matters, the trial court expressed its intent to begin the trial the next day, and a jury trial was, in fact, begun and concluded on August 3, 2000.
The jury found Gagaris guilty as charged. Gagaris waived a pre-sentence investigation, and was sentenced later that day to five years incarceration for Fleeing and Eluding, and to eighteen months for Receiving Stolen Property, the sentences to be served concurrently. From his conviction and sentence, Gagaris appeals.
 II
Gagaris's First Assignment of Error is as follows:
 THE COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO DISMISS WHEN THE ACCUSED WAS NOT BROUGHT TO TRIAL PURSUANT TO THE SPEEDY TRIAL PROVISIONS OF THE OHIO AND UNITED STATES CONSTITUTIONS AND O.R.C. 2945.71.
Gagaris relies upon State v. Butcher (1986), 27 Ohio St.3d 28, for the proposition that the State has the burden of proof with respect to the issue of whether a defendant is held in jail solely on the pending charge, in which event each day in jail counts as three days for purposes of computing time under Ohio speedy trial statute. R.C. 2945.71(E). Because the State presented no proof to support its allegation that Gagaris was being held in jail on a parole violation detainer, Gagaris argues that the trial court should have granted his motion for discharge.
The holding in State v. Butcher, supra, is set forth, at pp. 30-31 thereof, as follows:
 When appellee alleged in his motion that he was incarcerated "solely on this pending charge" and then demonstrated that he was not brought to trial within the limits imposed by the triple-count provision, he presented a prima facie case for discharge. At that point a burden of production arose whereby the state became obligated to produce evidence demonstrating appellee was not entitled to be brought to trial within the limits of R.C. 2945.71(E). Having failed to produce any such evidence, the court of appeals correctly held that the state did not meet its burden of establishing that appellee was not entitled to the triple-count provision under the statute.
(Emphasis in original.)
In our view, the circumstances in the case before us are distinguishable. Gagaris never alleged that he was incarcerated "solely on this pending charge." He would only have been entitled to the benefit of the triple-count provision in R.C. 2945.71(E) if he were, in fact, incarcerated solely on the pending charge. Mere incarceration, by itself, is not enough to trigger the triple-count provision of the statute.
We understand the reasoning of the Supreme Court in Butcher, supra, that, where a defendant has made an allegation that he has been incarcerated solely on the pending charge, the State should have the burden of coming forward with evidence on that subject. This is but a special case of the general proposition that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. 42 Ohio Jur. 3d 329, Evidence and Witnesses, ~100.
In our view, however, it would be unreasonable to impose that burden or proof on the State before the party moving for discharge has even alleged that he is incarcerated solely on the pending charge. The defendant's failure to have made that allegation, even after the State pointed out that the mere fact that he was incarcerated was not sufficient, the defendant having been incarcerated on other charges, is not necessarily inadvertent. It may well be that Gagaris's attorney did not represent to the trial court that his client was incarcerated solely on the pending charge because he knew, all too well, that that was not the case. If we were to hold that the State is required to come forward with evidence to rebut propositions of fact that a defendant has not even alleged, the opportunity for mischief would be great. A defendant could move, at bar, to have the charges against him dismissed, without alleging any facts at all. After his motion is denied, and he has been convicted and sentenced, he could then appeal, and argue, for example, that the State did not come forward with any evidence to rebut the factual proposition that he had previously been pardoned by the Governor for that offense, or that the State did not come forward with any evidence to rebut the proposition that he had previously been acquitted, or convicted and sentenced, with respect to that offense. The opportunities would be limitless. We conclude, therefore, that before the State can be put to the burden of proving a fact, a defendant in moving for discharge must first allege the contrary fact. Here, the defendant never alleged that he was being held in jail solely on the pending charge. Accordingly, we conclude that the trial court properly denied his motion for discharge.[1]
Gagaris's First Assignment of Error is overruled.
 III
Gagaris's Second Assignment of Error is as follows:
 THE CONVICTION OF THE APPELLANT ON THE CHARGE OF RECEIVING STOLEN PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The offense of Receiving Stolen Property is set forth in R.C. 2913.51(A), as follows:
 No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
Gagaris contends that the jury's finding that he either knew, or had reasonable cause to believe, that the car he was driving had been stolen, is against the manifest weight of the evidence.
From the record, it is clear that the car was stolen from its owner between 12:40 p.m. and 1:50 p.m. on the day Gagaris was arrested was arrested. He was observed driving the car at about 6:00 p.m. that day. There was evidence that Gagaris made a determined effort to elude the police. Gagaris neither testified, nor presented any evidence in his defense. In arguing the case, Gagaris argued that the State had failed to prove, beyond reasonable doubt, that he was the driver of the car. There was evidence in the record, however, from which the jury could find that he was the driver of the car during the high-speed chase.
Because the jury had no competing explanation for Gagaris's having led the police on a high-speed chase, it was reasonable for the jury to infer that he knew, or at least had reason to believe, that the car was stolen. The fact that Gagaris may have been charged, or at least chargeable, with a parole violation, was never placed in evidence before the jury. We conclude that the jury's verdict is not against the manifest weight of the evidence. Gagaris's Second Assignment of Error is overruled.
 IV
Gagaris's Third Assignment of Error is as follows:
 THE COURT ABUSED ITS DISCRETION AND THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO THE MAXIMUM SENTENCE OF 5 YEARS ON THE CHARGE OF FAILURE TO COMPLY WITH AN ORDER OR SIGNAL OF A POLICE OFFICER.
In support of this assignment of error, Gagaris argues, among other things, that the trial court failed to explain "what aspects of the eluding charge make it a more serious offense to warrant the five year sentence."
At the sentencing hearing, the trial court stated its conclusory finding that Gagaris "does possess a great likelihood of committing future crimes," but did not otherwise explain his reason for imposing the maximum sentence on each count. In its termination entry, the trial court stated its conclusory finding that Gagaris had committed the worst form of the offense, but did not allude to any likelihood of recidivism. Pursuant to R.C. 2929.14(C), in order for a trial court to impose a maximum sentence, it must find either that the offender is among those offenders who have committed the worst forms of the offense, that the offender is among those offenders who posed the greatest likelihood of committing future crimes, or certain other findings not pertinent to this case.
It has been held that where a trial court imposes the maximum sentence for an offense, it must state its reasons for imposing that maximum term, pursuant to R.C. 2929.19(B)(2)(d), which is concerned with the imposition of a maximum prison term where the offender is being sentenced for one offense. The court held that a mere, conclusory recitation that the offender "poses the greatest likelihood of recidivism," is insufficient to meet the requirements of R.C. 2929.19(B)(2). State v. Garcia (1998), 126 Ohio App.3d 485, at 487-488.
In the case before us, R.C. 2929.19(B)(2)(e), rather than subdivision (d), is the applicable sub-division, because this is a sentence for two or more offenses arising out of a single incident, and the prison term imposed for those offenses is the maximum prison term allowed for the offense of the highest degree. However, subdivision (e), like subdivision (d), requires that the trial court state its reasons for imposing the maximum term.
We conclude that the mere recitation either that the offender is among the class of those offenders who have committed the worst forms of the offense, or that the offender is among those offenders who pose the greatest likelihood of committing future crimes, without any statement of the trial court's reason for coming to either or both of those conclusions, does not satisfy the requirements of R.C. 2929.19(B)(2). Accordingly, Gagaris's Third Assignment of Error is sustained.
 V
Gagaris's Third Assignment of Error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance with this opinion.
 _______________ FAIN, J.
BROGAN and YOUNG, JJ., concur.
[1] Of course, if Gagaris was, in fact, being held in jail solely on the pending charge, he may have grounds for seeking post-conviction relief upon the theory that his trial counsel was ineffective. That would require consideration of matters outside this record.