OPINION
Plaintiff-appellant Lance J. Monks appeals his convictions and sentences entered by the Fairfield County Municipal Court for operating a motor vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1); traveling in excess of the posted speed limit, in violation of R.C. 4511.21; operating a motor vehicle outside the marked lanes, in violation of R.C. 4511.33; failure to use a turn signal, in violation of R.C. 4511.39; and failure to wear a safety belt, in violation of R.C. 4513.263, following appellant's entering no contest pleas and the trial court's finding appellant guilty of the charges. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At approximately 11:30 p.m. on June 4, 2000, Trooper V.S. Conley of the Ohio State Highway Patrol cited appellant on the aforementioned charges. Appellant appeared in the Fairfield County Municipal Court for arraignment on June 7, 2000, and entered pleas of not guilty. At that time, appellant demanded a jury trial. Appellant did not file a waiver of time. The matter was set for jury trial before the Hon. Don S. McCauliffe for August 22, 2000.In an August 22, 2000 Notice, the trial court rescheduled the jury trial for September 5, 2000. Via Journal Entry filed August 31, 2000, the trial court extended appellant's speedy trial time to September 5, 2000, stating:
 On June 7, 2000, Defendant appeared before the Court for arraignment. Defendant entered a not guilty plea and requested a jury trial. There was no waiver of time and the jury trial was set for August 24, 2000 and would have occurred within the statutory guidelines for a speedy trial.
 On August 24, 2000 a jury trial where speedy time was also running went to jury trial first as such defendant's case had to be continued to the next jury trial date. The next jury trial date for the Court is September 5, 2000. This date is beyond the time for speedy trial but is the first jury date available per the Court's long standing schedule of having jury trials on alternating Tuesdays.
On September 5, 2000, Attorney Raymond Grove, appellant's trial counsel, made an oral motion to dismiss the case on speedy trial grounds pursuant to R.C. 2945.71, .72, and .73. The trial court overruled appellant's motion to dismiss, finding it had the authority to extend the speedy trial time for good and reasonable grounds. The trial court explained:
 * * * whether it's right, wrong or whatever, for as long as longer than I can probably remember, they've had trials, jury trials here every two weeks, and as a result of that, it was impossible because there was a jury trial, uh, two weeks ago to have Mr. Monks' trial at that point in time, so the Court did, on its own, uh, prepare an entry extending this matter to today's date. So that, that motion will also be overruled.
Tr. at 8.
Thereafter, Attorney Grove conducted the following questioning of the trial court:
 ATTY. GROVE: For the record, you Honor, would the Court, uh, agree that the Court, during the last two weeks has handled a number of other cases, both criminal and civil, uh, prior to today's date, uh, for the last two weeks?
THE COURT: Yes.
 ATTY. GROVE: And, uh, did not attempt to schedule Mr. Monk's case during that two week period?
 THE COURT: Um, there was no, no, uh, procedure for having a jury trial other than every other two weeks.
 ATTY. GROVE: No attempt to transfer to the other, uh, judge here in the municipal court?
 THE COURT: There was no attempt to transfer to the, the other judge.
 Id.
Appellant ultimately entered pleas of no contest to the charges. Appellant and Attorney Grove both signed an Acknowledgment and Waiver form. After the State read Trooper Conley's statement of facts, the trial court found appellant guilty of the charges. The trial court imposed $25 fines on the speeding, marked lanes, seatbelt, and turn signal violations. With regard to the driving under the influence charge, the trial court fined appellant $350, plus costs, and sentenced him to 120 days in jail. The trial court suspended 115 days of the jail time on two years good behavior. The trial court suspended appellant's driver's license for 180 days, but granted appellant occupational driving privileges as well as the right to drive to and from alcohol programs. The trial court memorialized the convictions and sentences in a Journal Entry-Sentence of the Court, and Court Entry, both filed September 5, 2000.
It is from these convictions and sentences appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING DEFENDANT GUILTY ON A NO CONTEST PLEA, WHERE THE STATEMENT OF FACTS GIVEN BY THE PROSECUTOR FAILS TO ESTABLISH VENUE JURISDICTION.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO ADVISE DEFENDANT-APPELLANT OF THE EFFECT OF A NO CONTEST PLEA, HIS RIGHT AND THE POTENTIAL PENALTIES BEFORE ACCEPTING HIS PLEA.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR FAILING TO PROVIDE DEFENDANT-APPELLANT A SPEEDY TRIAL AS DEMANDED.
 IV. DEFENDANT-APPELLANT WAS DEPRIVED OF HIS STATUTORY RIGHT TO A CONFIDENTIAL CALL TO HIS ATTORNEY UNDER 2935.30 R.C. WHICH RESULTED IN DENIAL OF DUE PROCESS AND ASSISTANCE OF COUNSEL.
 II
In his second assignment of error, appellant maintains the trial court erred in failing to advise him of the effect of a no contest plea, his rights, and the potential penalties prior to accepting appellant's plea. We disagree.
Crim. R. 11(D), which governs guilty or no contest pleas in misdemeanor cases involving serious offenses, provides:
 In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
"Serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months". Crim R. 2(C).
Crim. R. 11(E), which governs guilty or no contest pleas in misdemeanor cases involving petty offenses, reads:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
"Petty offense" is defined as "a misdemeanor other than serious offense". Crim R. 2(D).
In the instant action, appellant was charged with driving under the influence, in violation of R.C. 4511.19(A)(1), a first degree misdemeanor. The maximum penalty the trial court could impose upon appellant was a period of imprisonment of "not more than six months". R.C. 2929.21. As such, appellant was convicted of a petty offense and Crim. R. 11(E) applies. Because Crim. R. 11(E) does not require a trial court to inform an offender of the effect of a no contest plea relative to a petty offense, we find the trial court did not err in failing to so advise appellant. To the extent this Opinion conflicts with this Court's previous Opinion in State v. Burke (March 15, 2001), Fairfield App. No. 00CA42, unreported, we hereby overrule Burke.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant claims a violation of his right to a speedy trial. We agree.
An accused charged with a first degree misdemeanor, such as driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), must be tried within ninety (90) days of his arrest or service of summons. R.C. 2945.71(B)(2). Once a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate the statutory limit was not exceeded by establishing the time was properly extended pursuant to R.C. 2945.72. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31.
According to R.C. 2945.72(H), a trial court may sua sponte extend the time within which a defendant must be brought to trial, if the court enters an order of continuance by journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71, and sets forth the reason for the continuance. State v. Mincy (1982), 2 Ohio St.3d 6, syllabus;State v. King (1994), 70 Ohio St.3d 158, 162. Since a defendant's right to a speedy trial is guaranteed by statute and by the Sixth andFourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the State. Statev. Singer (1977), 50 Ohio St.2d 103.
On August 31, 2000, day ninety of appellant's speedy trial time, the trial court filed a Journal Entry, extending the speedy trial time to September 5, 2000. As set forth supra, the trial court explained another case, in which the speedy trial time was also running, was tried on the day appellant's case was originally scheduled; therefore, appellant's case had to be continued until the next available jury trial date. September 5, 2000, was the next available jury trial date as the trial court had a long standing policy of only conducting jury trials on alternating Tuesdays.[1]
As required by Mincy, supra, the trial court filed the journal entry extending appellant's speedy trial time on August 31, 2000, which was prior to the expiration of the time limit prescribed by R.C. 2945.71. Therefore, the issue is whether the record affirmatively demonstrates the continuance was reasonable. As set forth in the dialogue between the trial court and Attorney Grove, the trial court had a long standing policy of only scheduling jury trials on alternating Tuesdays. Additionally, the trial court conceded between August 22, 2000, and September 5, 2000, it had handled both criminal and civil matters. We do not find the trial court's stated reason regarding its long standing jury trial policy coupled with the fact the trial court handled other civil and criminal matters in the interim affirmatively demonstrates the continuance was reasonable. Accordingly, we find the trial court erred in failing to grant appellant's motion to dismiss based on a denial of his right to a speedy trial.
Appellant's third assignment of error is sustained.
 I, IV
In light of our disposition of appellant's third assignment of error, appellant's first and fourth assignments of error are moot.
The judgment of the Fairfield County Municipal Court is reversed and a final judgment of acquittal is entered for appellant.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Fairfield County Municipal Court is reversed and a final judgment of acquittal is entered for appellant. Costs assessed to appellee.
 ___________ Hoffman, J.
Gwin, P.J. and Farmer, J. concur.
[1] In its August 31, 2000 Journal Entry, the trial court used the date of "August 24, 2000," as appellant's original trial date. We consider such to be a mistake for two reasons. First, August 24, 2000, was a Thursday and, according to the trial court, it only conducted jury trials on Tuesdays. Additionally, the entry would be facially inconsistent if the trial court continued appellant's case from August 22, 2000, because of a trial scheduled for August 24, 2000. Accordingly, it appears the trial court meant both appellant's case and the other case were set for August 22, 2000.