DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment of conviction and sentence. On April 25, 2002, Jason Monroe, defendant below and appellant herein, entered no contest pleas to (1) safecracking in violation of R.C. 2911.31(A); and (2) breaking and entering in violation of R.C. 2911.13. These charges stemmed from an August 17, 2001 gas station break-in.
 {¶ 2} The trial court accepted appellant's no contest pleas and found appellant guilty of the offenses. On July 5, 2002, the trial court sentenced appellant to one year concurrent prison sentences on each violation.
 {¶ 3} On July 29, 2002, appellant timely filed a pro se notice of appeal. Appellant's appointed appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738 and indicated that, after a thorough review of the record, counsel did not discover any claims of error having arguable merit. On November 14, 2002, this court notified appellant that his appellate counsel had filed an Anders brief and provided him the opportunity to file a pro se brief to raise any arguable claims of error. Appellant did not file a pro se brief.
 {¶ 4} Counsel's brief sets forth two potential assignments of error. We note that after counsel researched these potential assignments of error, he concluded that neither potential error had arguable merit. We agree with counsel's conclusions.
 {¶ 5} First, counsel cites a possible violation of appellant's statutory speedy trial rights. Counsel concludes, however, as did the trial court when it considered this issue during the trial court proceeding, that a speedy trial violation did not occur. In particular, counsel notes that during the pendency of the trial court proceeding appellant was incarcerated in the Washington County Jail on charges unrelated to the charges pending in Hocking County. Thus, appellant was not entitled to benefit from the R.C. 2945.71 "triple count" mechanism. This triple count mechanism applies only to defendants incarcerated in lieu of bail solely on the pending charge. See State v. Butcher (1986),27 Ohio St.3d 28, 500 N.E.2d 1368. Therefore, we agree with counsel's conclusion on this issue.
 {¶ 6} Second, appellant's counsel raises a potential error concerning the lack of evidence provided to the trial court to support and to prove the elements of the offenses for which appellant entered no contest pleas. Counsel candidly notes, however, that in felony cases a no contest plea admits the facts alleged in an indictment. See State v.Barcus (1999), 133 Ohio App.3d 409, 728 N.E.2d 420; State v. Kutz
(1993), 87 Ohio App.3d 329, 622 N.E.2d 362; Crim.R. 11. In other words, by pleading no contest a defendant admits the facts contained in an indictment and relieves the prosecution of its burden of proof with respect to the elements of an offense. Consequently, after a defendant enters a no contest plea in a felony case, the prosecution need not present evidence to prove a defendant guilty of an offense beyond a reasonable doubt. Once again, in the case sub judice we agree with counsel's analysis and conclusion that this potential error is meritless.
 {¶ 7} Moreover, after our independent review of the record, we agree with appellant's appointed counsel that there are no potential assignments of error having arguable merit and that the instant appeal is wholly frivolous.
 {¶ 8} Accordingly, based upon the foregoing reasons we hereby affirm the trial court's judgment.
Harsha, J. Kline, J.: Concur in Judgment Opinion