{¶ 95} The majority concludes that the trial court did not violate Appellant's right to a speedy trial because the trial court's seven month delay in ruling on Appellant's motion to suppress was reasonable and, therefore, tolled Appellant's speedy trial time under R.C. 2945.71. I respectfully disagree. The trial court's lengthy delay in ruling on this particular motion was unreasonable since the issues involved in this and subsequent motions were not complex. Given the length of the delay and the lack of a justification for that delay, I must conclude that the statute of limitations was not tolled for this period and, thus, that the trial court erred when denying Appellant's motion to dismiss due to a violation of his speedy trial rights.
 {¶ 96} As the majority's opinion explains, a motion to suppress normally tolls the time for bringing a defendant to trial, but any delay necessitated by such a motion is subject to a reasonableness requirement. Opinion at ¶ 22-27. When determining whether a particular delay is reasonable, courts must consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. State v. Santini, 144 Ohio App.3d 396, 404,2001-Ohio-3313, quoting Barker v. Wingo (1972), 407 U.S. 514,530. The nature and timing of the motion filed must also be considered when assessing a delay's reasonableness. Id.
 {¶ 97} The majority's opinion discusses a number of reasons to support its conclusion that the trial court's delay was reasonable. Those reasons do not withstand scrutiny. First, the majority's opinion describes the issues Appellant raised in his motion to suppress, notes that the charges involved are murder with a firearm specification, and concludes that the legal issues involved are more complex than those in a case involving a charge of driving under the influence. Of course, the type of crime involved in a particular case should not affect how we apply the speedy trial statutes. Those statutes are laws which have been validly enacted by the representatives of the people of Ohio. Those statutes do not give courts the luxury of applying them only in the easy cases; they do not make an exception for murder. As a court, we must steel ourselves against uncomfortable consequences and apply the law regardless of the outcome. Furthermore, a close look at the issues involved in Appellant's motion to suppress shows that the legal issues involved in this particular motion were not complex.
 {¶ 98} While the legal issues presented in cases involving more serious charges can be more complex, this is far from a general rule. For example, the issues involved Appellant's motion to suppress were significantly easier than those in many drunk driving cases this court has encountered. In this case, Appellant moved to suppress certain statements for four reasons: 1) he was not properly Mirandized; 2) the statements were not voluntary; 3) the statements were the fruit of an improper arrest; and, 4) he did not effectively waive his right to counsel before making the statements. The issues in such a motion can be involved, but the trial court's decision in this case was far from it. The trial court heard the matter and the transcript of that hearing only amounted to thirty-two pages. As the trial court recognized in its judgment entry denying Appellant's motion to suppress, Appellant "present[ed] no evidence of any kind" supporting any of the stated bases for suppressing the statements, a conclusion echoed by the majority when it rejects Appellant's second assignment of error. Opinion at ¶ 60. ("There is absolutely no indication in the record" that the statements should have been suppressed).
 {¶ 99} In contrast, many of the appeals from drunken driving convictions have asked this court to deal with much more complex issues and fact patterns. For instance, in many of those cases, this court has had to review elaborate fact patterns to determine whether an initial traffic stop was warranted, whether the officer should have conducted field sobriety tests, and whether the officer should have arrested the suspect after those tests. See State v. Rice (1998), 129 Ohio App.3d 91; State v. Lloyd
(1998), 126 Ohio App.3d 95; State v. Kuhn, 7th Dist. No. 02 BA 7, 2003-Ohio-4007; State v. Gross, 7th Dist. No. 01-C.A.-115, 2002-Ohio-3465; State v. Blake (Sept. 27, 2002), 7th Dist. No. 01 CO 44.
 {¶ 100} Since the legal issues involved in this particular motion to suppress were not complex, we cannot use this as a reason supporting the length of the delay. The seriousness of the charges in this case had no effect on the complexity of the legal issues before the trial court.
 {¶ 101} The majority's opinion next excuses the trial court's delay because Appellant filed five other motions with his motion to suppress. However, those motions were all decided before the trial court even held a hearing on Appellant's motion to suppress, so they cannot be a reason why the trial court took so long to rule on that motion.
 {¶ 102} The third reason the opinion gives is that Appellant filed three other motions after the suppression hearing, but before the trial court ruled on the motion to suppress: a motion for a transcript of the suppression hearing, counsel's motion to withdraw, and Appellant's second set of discovery requests. None of these motions provides a reasonable excuse for the delay in ruling on the motion to suppress. Appellant's motion for a transcript of the hearing at State's expense was unopposed and was granted shortly after it was filed. His counsel's motion to withdraw was also pro forma since appellant's defense counsel was joining the Mahoning County Prosecutor's office. Finally, Appellant's motion for discovery was a standard discovery request which the trial court granted a few days after it was filed. Since none of these motions dealt with taxing legal issues, it is difficult to see how the fact that Appellant filed these motions excuses the trial court's lengthy delay when ruling on the motion to suppress.
 {¶ 103} The majority's opinion also states that the trial court's delay was reasonable since "the record is silent as to the status of any other pending matters on the trial court's docket." Opinion at ¶ 35. In making this statement, the majority improperly places the burden of showing that Appellant was properly held and tried upon Appellant, rather than the State. Once a defendant makes a prima facie case for discharge under Ohio's speedy trial statutes, the State bears the burden of establishing that the defendant was properly held and tried.State v. Butcher (1986), 27 Ohio St.3d 28, 31. If the trial court was so busy with other matters that it could not rule on this motion in a timely manner, then the State should have introduced evidence demonstrating as much.
 {¶ 104} Thus, the only rationale the majority can muster which can legitimately explain any delay in ruling on the motion to suppress is that the trial court should be entitled to more time when ruling on important motions in serious criminal matters since the consequences of being found guilty of a serious criminal offense are more significant than those involved in lesser offenses. But this explanation for the delay is insufficient to explain why it took the trial court nearly seven months to rule on a relatively straightforward motion to suppress. We cannot explain away a trial court's dilatoriness by calling it diligence.
 {¶ 105} In conclusion, there is nothing in the record giving any indication why it took the trial court almost seven months to rule on this motion to suppress. The issues involved in the motion were straightforward; the only other motions pending before the court in this case were routine; and, the record does not contain any alternate explanation for the trial court's dilatory manner in which it ruled on the motion to suppress. Accordingly, the nearly seven month delay from the hearing on the motion until the trial court's ruling was unreasonable and that time should not toll Appellant's speedy trial time. If only one-fifth of the trial court's delay in ruling on the motion to suppress were counted toward Appellant's speedy trial time, then he would not have been tried within the time required by R.C.2945.71. Accordingly, the trial court erred when it denied Appellant's motion to dismiss his indictment for speedy trial purposes. The judgment of the trial court should be reversed and Appellant's conviction should be vacated.