[Cite as *State v. Kick*, 2012-Ohio-1806.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 24 |
| MICHAEL KICK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Municipal Court,
                                                              Case No.  11 CRB 489


JUDGMENT:                                        Reversed and Vacated


DATE OF JUDGMENT ENTRY:          April 23, 2012


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

CHRISTINE C. WILLIAMS                  BRYAN K. BARNARD
ASSISTANT PROSECUTOR               KENNEDY, CICCONETTI, KNOWLTON
164 East Jackson Street                    & BUYTENDYK, LPA
Millersburg, Ohio  44654                     558 North Market Street
                                                             Wooster, Ohio  44691

*Wise, J.*

{¶1}   Appellant Michael Kick appeals the December 13, 2011, Judgment Entry of the Holmes County Municipal Court denying his motion to dismiss.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant Michael A. Kick was arrested on August 14, 2011, and charged with one count of domestic violence, in violation of R.C. §2919.25 (A), a misdemeanor of the first degree.

{¶3}   Appellant spent the night in jail and appeared in the Holmes County Municipal Court on August 15, 2011, then was released on his own recognizance and a trial date set.

{¶4}   Appellant, through counsel, filed a not guilty plea on August 17, 2011, and requested formal discovery, to which the State responded on August 23, 2011. Reciprocal discovery was timely answered on August 29, 2011.

{¶5}   On November 9, 2011, the charge of domestic violence was dismissed against the defendant and a new charge of disorderly conduct, R.C. §2917.11 (A)(1), was filed on the same facts and circumstances.

{¶6}   On November 14, 2011, Appellant acknowledged service of the new complaint/summons.

{¶7}   On November 30, 2011, Appellant was arraigned on the new charge and his counsel filed a not guilty plea the same date. Trial was set for December 13, 2011.

{¶8}   On December 12, 2011, counsel for Appellant filed a motion to dismiss on speedy trial grounds.

{¶9} By Judgment Entry filed December 13, 2011, the trial court denied Appellant's motion to dismiss. (T. at 3).

{¶10} On December 13, 2011, Appellant entered a plea of no contest and paid his court costs that same date. (T. at 6).

{¶11} The following day, December 14, 2011, Appellant caused to be filed a motion for stay of execution of sentence and escrow of costs paid. Appellant further filed an affidavit stating *inter alia,* he did not intend to abandon appellate review by tendering the costs, he has a substantial stake in the judgment of conviction, and he believes there is valid subject matter for appellate court review

{¶12} It is from this judgment entry that Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENT OF ERROR</u>

{¶13} "I. THE TRIAL COURT'S APPLICATION OF THE LAW TO THE FACTS OF THE CASE WAS IN ERROR."

I.

{¶14} In Appellant's sole Assignment of Error he argues that the trial court erred in denying his motion to dismiss on speedy trial grounds. We agree.

{¶15} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. §2945.71 through R.C. §2945.73 prescribe specific time requirements within which the State must bring an accused to trial. *State v. Baker,* 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883.

{¶16} As relevant to the instant action, R.C. §2945.71(B)(2) requires that a person, such as Appellant, against whom a first degree misdemeanor is pending must be brought to trial within 90 days after the person's arrest or service of summons. Each day the defendant is held in jail in lieu of bond, except for the first day, counts for three days for speedy trial purposes. See R.C. §2945.71(E). Once a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate the statutory limit was not exceeded by establishing the time was properly extended pursuant to R.C. §2945.72. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368.

{¶17} Since a defendant's right to a speedy trial is guaranteed by statute and by the Sixth and Fourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the State. *State v. Singer* (1977), 50 Ohio St.2d 103, 362 N.E.2d 1216. Revised Code §2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. §2945.71 and §2945.72, the accused shall be discharged. The law in Ohio is that speedy trial time starts to run the day after arrest. R.C. §2945.71. However, speedy trial time is tolled during "(E) Any period of delay necessitated by ... motion, proceeding, or action made or instituted by the accused; ..."(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. §2945.72.

{¶18} In the case *sub judice*, Appellant was arrested on August 14, 2011, and spent that night in jail.

{¶19} The time calculation is as follows:

**{¶20}** 08/14/2011 Arrest date:    -        3 days

**{¶21}** 08/15/2011 to 09/15/2011 -       32 days

**{¶22}** 09/16/2011 to 10/15/2011 -       30 days

**{¶23}** 10/16/2011 to 11/15/2011 -       31 days

**{¶24}** 11/16/2011 to 12/13/2011 -       28 days

**{¶25}** Total days elapsed       =     124 days

**{¶26}** Appellant herein acknowledges that the speedy trial time was tolled during the case for seven (7) days between August 17, 2011 and August 23, 2011, when defense counsel requested discovery and the State responded to the request; and again for the six (6) days between the *nolle prosequi* of the domestic violence charge on November 9, 2011, and service of the disorderly conduct summons and acknowledgment of the same on November 14, 2011, by the Appellant.

**{¶27}** Based on the above calculations, total days elapsed (124 days) minus total days tolled (13 days) results in the passage of 111 days before Appellant's trial date, 21 days in excess of the statutorily prescribed ninety (90) day period.

**{¶28}** The State of Ohio concedes that the ninety (90) day statutory time for a speedy trial was exceeded in this matter.

**{¶29}** Based on the foregoing, we find that the trial court erred in denying Appellant's Motion to Dismiss on speedy trial grounds.

**{¶30}**  For the foregoing reasons, the judgment of the Municipal Court of Holmes County, Ohio, is hereby reversed and Appellant's conviction and sentence are vacated.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0412

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL KICK | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11 CA 24 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Holmes County, Ohio, is reversed and Appellant's conviction and sentence are vacated.

Costs assessed to Appellee.

_____

_____

_____

JUDGES