[Cite as *State v. Valentino*, 2025-Ohio-2721.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

NICHOLAS J. VALENTINO

    Appellant

C.A. No.    2024CA0077-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2023CR0797

DECISION AND JOURNAL ENTRY

Dated: August 4, 2025

HENSAL, Judge.

{¶1}    Nicholas Valentino has appealed the trial court's denial of his motions to dismiss for violation of his speedy trial rights and its denial of his motion to strike the State's response to his motions. For the following reasons, this Court affirms.

I.

{¶2}    On November 1, 2023, the Grand Jury indicted Mr. Valentino on one count of menacing by stalking. At the time of the indictment, Mr. Valentino was being held in jail related to another matter and he remained in jail until his trial. On November 16, 2023, the trial court arraigned Mr. Valentino, and he made a demand for discovery and motion to reduce bond. The court also set Mr. Valentino's trial for January 8, 2024. On December 14, 2023, Mr. Valentino moved for a change of venue and for the transcript of the grand jury proceedings. He filed a motion for expedited rulings and several motions in limine on December 22, 2023.

{¶3}    On January 8, 2024, the trial court held a hearing and orally denied the motions to change venue and for a grand jury transcript.  It continued the trial until March 18, 2024, explaining that it had to hear a different criminal case that day.  The court also found that the continuance was reasonable and that Mr. Valentino's speedy trial time was tolled until the new trial date.  On January 29, 2024, the court issued a journal entry that denied the motion for change of venue, for grand jury transcript, and for bond modification.  The entry also stated that the motions in limine would be ruled on before or during the trial, and that, because of the court and defense counsel's unavailability, Mr. Valentino's trial had been rescheduled for March 18 and his speedy trial time was tolled under Revised Code Section 2945.72(C), (E), and (H).  On March 18th, before trial commenced, Mr. Valentino orally moved to dismiss the charges on speedy trial grounds, but the trial court denied his motion.  He renewed his motion at the end of the trial, but the trial court denied it again.  A jury found Mr. Valentino guilty of the offense, and the court sentenced him to 12 months in jail.  The State subsequently filed a written response to Mr. Valentino's motions to dismiss.  Mr. Valentino moved to strike the filing, but the trial court denied his motion. Mr. Valentino has appealed the denial of his motions to dismiss and his motion to strike.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION(S) TO DISMISS FOR VIOLATION OF HIS SPEEDY TRIAL RIGHTS, AND ERRED IN NOT STRIKING THE STATE'S SUPPLEMENTAL MOTION.

{¶4}    Mr. Valentino argues that the trial court incorrectly denied his motions to dismiss and incorrectly denied his motion to strike the State's supplemental response to those motions. Regarding the motions to dismiss, Revised Code Section 2945.71(C)(2) provides that a person charged with a felony must be brought to trial within 270 days after the person's arrest.  Each day

that a person is held in jail on the charge counts as three days. R.C. 2945.71(E). "Review of a speedy-trial claim involves a mixed question of law and fact." *State v. Long*, 2020-Ohio-5363, ¶ 15. "Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *Id*.

{¶5}     Mr. Valentino's argument does not focus on the calculation of days, but on the State's response to his motions. He notes that this Court has held that, if a defendant makes a prima facie showing that his case has been pending for a time that exceeds the statutory limit, the burden shifts to the State to show that a tolling event extended the time for trial. *State v. Gaines*, 2004-Ohio-3407, ¶ 12 (9th Dist.). He also notes that, when he initially moved to dismiss the charges before trial started, the State was not prepared to respond to it. He, therefore, argues that the court should have granted his motion by default.

{¶6}     After Mr. Valentino made his oral motion to dismiss, the State stated that it had not had the opportunity to run the calculations that Mr. Valentino had gone through or determine if there were any other applicable tolling events. Counsel for the State stated that he would have to look at the docket with the same amount of detail as Mr. Valentino and make a careful examination of the issue. Following the State's response the trial court denied the motion to dismiss "at this time . . . ." After the State and Mr. Valentino finished presenting their cases, Mr. Valentino renewed his motion to dismiss on speedy trial grounds. The trial court asked the State if it was prepared to address the issue, and counsel for the State replied that he had had an opportunity to examine the issue briefly. He argued that, because the trial was continued because of other cases that needed to be heard first, the days after the continuance did not count toward the speedy-trial deadline and the case was being tried within the statutory requirement.

{¶7} Upon review of the record, it appears that the trial court construed the State's response to the initial motion to dismiss as a request for additional time to respond and, therefore, denied the motion at that time. When Mr. Valentino renewed his motion, the State presented an explanation as to why time that Mr. Valentino had counted toward the 270-day deadline did not count. Mr. Valentino has not developed an argument that challenges the State's explanation. We, therefore, conclude that the State did not fail to meet its burden of establishing that a tolling event extended the speedy-trial deadline for Mr. Valentino's trial. *See Gaines* at ¶ 12; *State v. Butcher*, 27 Ohio St.3d 28, 30-31 (1986).

{¶8} Regarding the State's supplemental brief on the motions to dismiss, following trial, the State filed a written response to Mr. Valentino's motion to dismiss. Mr. Valentino moved to strike the document because it was untimely, the case had closed, and there was no motion to dismiss pending at the time. The trial court, however, denied its motion.

{¶9} Even if the trial court should have granted Mr. Valentino's motion to strike, we conclude that the error was harmless. Crim.R. 52(A). As Mr. Valentino noted, the trial had concluded and there was no motion to dismiss pending at the time of the State's filing. Accordingly, he has failed to establish that the purported error affected a substantial right. *See id*. Mr. Valentino's assignment of error is overruled.

III.

{¶10} Mr. Valentino's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JENNIFER HENSAL
FOR THE COURT



STEVENSON, P. J.
CARR, J.
CONCUR.


APPEARANCES:

PIERCE C. WALKER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.