DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio ("Appellant") appeals the decision of the Ross County Court of Common Pleas granting Roger Knapp's ("Appellee") Motion to Dismiss. Appellant contends that time was tolled for speedy trial purposes when an own recognizance bond was issued for Appellee. Because we find that Appellee was not brought to trial within the time limit dictated by R.C.2945.71(C)(2), we affirm the judgment of the trial court.
 {¶ 2} On April 3, 2004, Appellee was arrested for Felonious Assault and Aggravated Burglary. Defendant was held in jail on these charges until he appeared for a preliminary hearing in the Chillicothe Municipal Court on April 12, 2004. Appellee waived his right to a preliminary hearing and consented to be bound over to the Ross County Court of Common Pleas. The Chillicothe Municipal Court then released Appellee on his own recognizance.
 {¶ 3} Appellee was indicted on August 27, 2004, on a multi-count indictment for Aggravated Burglary and two counts of Felonious Assault, each with a firearm specification. The matter was assigned to one of the two General Division Judges of the Ross County Court of Common Pleas. The Ross County Sheriff's Office mailed the summons to appear for arraignment to the Franklin County Sheriff's Office. On August 31, 2004, the Franklin County Sheriff's Office received the summons to serve Appellee and attempted to serve the summons upon Appellee on three separate dates: September 1, 2004; September 8, 2004; and September 10, 2004. Each of the attempts failed. On September 10, 2004, the Franklin County Sheriff's Office returned the summons to the Ross County Clerk's Office. The Ross County Clerk's Office, upon receiving the summons from the Franklin County Sheriff's Office, did not notify either the Ross County Prosecutor's Office or the Ross County Sheriff's Office that the summons had been returned.
 {¶ 4} Appellee failed to appear at the September 13, 2004 arraignment. A bench warrant for Appellee's failure to appear was issued. Appellee was arrested in Franklin County on unrelated charges on December 17, 2004. He was subsequently served with the September 14th bench warrant and brought back to Ross County. Appellee appeared in the Ross County Court of Common Pleas on December 20, 2004 before the other Common Pleas Court — General Division Judge, who set Appellee's bond at $50,000 cash, surety, or realty. Appellee, being unable to post bond, was committed to the Ross County Jail. On December 21, 2004, an amended bond commitment was entered by the first judge that reinstated the original own recognizance bond established by the Chillicothe Municipal Court. The commitment form reinstating the Chillicothe Municipal Court bond was file stamped with the Ross County Clerk's Office; the commitment form, however, was not received by the Ross County Sheriff's Office. Likewise, the Ross County Prosecutor's Office does not receive copies of bond commitment forms, and in accordance with this practice, did not receive the bond commitment form reinstating the own recognizance bond in this case. Despite the amended bond, Appellee remained incarcerated in the Ross County Jail, as the Ross County Sheriff's Office had no notice of the amendment.
 {¶ 5} On January 25, 2005, Appellee filed a Motion to Dismiss based on speedy trial issues. Also on January 25, Judge Holmes set Appellee's bond at $50,000 cash, surety, or realty. The Motion to Dismiss hearing was set for March 3, 2005. On March 10, 2005, Judge Holmes granted Appellee's Motion to Dismiss. Appellant now appeals that decision, asserting one assignment of error:
 {¶ 6} I. THE TRIAL COURT ERRED IN ISSUING A JUDGMENT ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS THE CRIMINAL CHANGES PURSUANT TO O.R.C. 2945.71, ET SEQ.
 {¶ 7} Initially, we note that appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g., State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, 1998 WL 321535; State v. Pilgrim
(Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. We independently review, however, whether the trial court properly applied the law to the facts of the case. See, e.g., Kuhn,
supra; Pilgrim, supra; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, 1994 WL 655905. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. SeeBrecksville v. Cook (1996), 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706 (stating that courts must "strictly construe speedy trial statutes against the state"); State v.Miller (1996), 113 Ohio App.3d 606, 608, 681 N.E.2d 970, 971;State v. Cloud (1997), 122 Ohio App.3d 626, 702 N.E.2d 500
(noting that courts must strictly enforce the duties that the speedy trial provisions impose upon the state).
 {¶ 8} The statute at issue is R.C. 2945.71, which governs specific time limits, running from arrest or service of summons, within which an accused must be brought to trial in a misdemeanor case or provided with a preliminary hearing and brought to trial in a felony case. The statute also provides that each day the accused spends in jail on the pending charge must be counted as three days in calculating elapsed time. R.C. 2945.71(C)(2) provides, "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." This section is at issue in the case sub judice, as the charges pending against Appellee, two counts of Felonious Assault with firearm specifications and an Aggravated Robbery charge, are felony charges. R.C. 2945.71(E) is also at issue in this case, as Appellee was incarcerated for a substantial amount of time on the pending charges. Commonly referred to as the triple count provision, it provides, in pertinent part:
"For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 9} R.C. 2945.73 provides a remedy for a violation of R.C.2945.71. Section 2945.73(B) provides:
"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and2945.72 of the Revised Code."
 {¶ 10} A defendant presents a prima facie case for discharge under R.C. 2945.73(B) by alleging that he was held in jail solely on the pending charge and then demonstrating that the state failed to bring him to trial within the limits imposed by the triple-count provision. State v. Whitt, Scioto App. No. 04CA2962, 2005-Ohio-5154, at ¶ 10, citing State v. Butcher
(1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. Once the defendant has established a prima facie case, the burden of proof shifts to the state to show that the R.C. 2945.71 time limitations have not expired. Id. The state satisfies this burden by demonstrating either (1) that the time was extended by R.C.2945.72, which sets forth events that toll the speedy-trial time limit, or (2) that the defendant is not entitled to use the triple-count provision in R.C. 2945.71(E). See State v. McGhee,
Lawrence App. No. 04CA15, 2005-Ohio-1585, at ¶ 39, citingButcher, supra. See also, State v. Whitt, supra; State v.Eldridge, Scioto App. No. 02CA2842, 2003-Ohio-1198, at ¶ 6;State v. Green, Ross App. No. 01CA2641, 2002-Ohio-3403, at ¶ 10. If the state fails to produce evidence to rebut the defendant's prima facie case, then the court must discharge the defendant. See State v. Price (1997), 122 Ohio App.3d 65, 68,701 N.E.2d 41, citing Butcher, supra.
 {¶ 11} Appellee has asserted and a review of the transcript shows that Appellee was held in jail solely on the pending related charges, and that he was not brought to trial within the 270-day period set forth in R.C. 2945.71(C)(2). The burden then shifted to the state to rebut Appellee's assertions. With regard to the calculation of time for purposes of Appellee's Motion to Dismiss on speedy trial grounds, Appellant contends that although Appellee remained in jail after the recognizance bond was reinstated, the reinstatement of the bond tolled time for speedy trial purposes. Appellant therefore argues that Appellee's Motion to Dismiss was improvidently granted by the trial court. We disagree.
 {¶ 12} R.C. 2945.71(C)(2) specifies that the day of the person's arrest starts the clock for speedy trial purposes. Appellee was initially arrested April 3, 2004. He was held from April 3 until April 12, 2004 without bail. The triple count provision applies to these nine days, making the time Appellee spent in jail from April 3 through April 12, 2004 count as 27 days. The clock continued to tick from April 12 until September 13, 2004, when Appellee missed his arraignment. The time from April 12 until September 13, 2004, amounts to 154 days. This brings the tally to 181 days. The clock began to tick again on December 20, 2004, when one judge set Appellee's bond at $50,000. On December 21, a separate judge amended the bond back to the Municipal Court's original own recognizance bond; however, the Ross County Sheriff's Office was never notified of the amendment, and Appellee continued to be held without notice of the amendment. Time for speedy trial purposes was, therefore, not tolled, as Appellee had no notice that his bond had been changed. Finally, on January 25, 2005, Appellee filed his Motion to Dismiss with the trial court. The triple count provision applies to the time Appellee spent in jail from December 21, 2004 through January 25, 2005, as Appellee had no notice that the bond at issue had been amended. This period of incarceration, therefore, amounts to 108 days for speedy trial purposes. Adding these days to the prior 181 days, Appellee was held for 289 days after his arrest without being brought to trial. As stated supra, R.C.2945.71(C)(2) directs that a person against whom a felony charge is pending must be brought to trial within 270 days after the person's arrest. Pursuant to R.C. 2945.73, therefore, Appellee must be discharged, as he was not brought to trial within the mandated 270-day period.
 {¶ 13} Because we find that Appellee was not brought to trial within the statutorily mandated period and that the trial court's findings were supported by competent, credible evidence, we affirm its decision discharging Appellee.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. and Kline, J.: Concur in Judgment Only.